MOTOR CARRIER AUDIT AND COL-
LECTION COMPANY, A DIVISION
OF DELTA TRAFFIC SERVICE, INC.,
Plaintiffs,

v.

LIGHTING PRODUCTS, INC.
Defendant.

No. 89 C 4846.

United States District Court,
N.D. Illinois, E.D.

Oct. 26, 1989.

Joel H. Steiner, Paul A. Gajewski, Axelrod, Goodman, Steiner & Bazelon, Chicago, Ill., for plaintiffs.

Thomas J. Dillon, Tyrrel J. Penn, Schuyler, Roche & Zwirner, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, LPI Limited Partnership, incorrectly named in the complaint as Lighting Products, Inc., pursuant to Fed.R.Civ.P. 12(b)(6), to strike and dismiss certain claims made in the complaint of plaintiff, Motor Carrier Audit and Collection Company, a division of Delta Traffic Service, Inc. ("MCACC").

MCACC alleges that it is "the purchaser and/or assignee of the freight bill claims and accounts receivable of BRINKE TRANSPORTATION CORP., a common carrier of property by motor vehicle, conducting operations in interstate and foreign commerce pursuant to Certificates of authority issued to it by the Interstate Commerce Commission." Complaint at ¶ 4. Brinke has filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., with the United States Bankruptcy Court for the District of New Jersey. MCACC further alleges that Brinke provided certain transportation services for LPI during an unspecified period of time. MCACC seeks recovery from LPI of $7,178.65 in allegedly unpaid charges for transportation services pursuant to the Interstate Commerce Act. LPI moves to strike and dismiss certain claims contained in the complaint on the grounds that they are barred by the statute of limitations set forth in the Interstate Commerce Act. 49 U.S.C. § 11706.

■ Dismissal is proper, pursuant to Fed.R.Civ.P. 12(b)(6), if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Horwitz v. Alloy Automotive, Co.*, 656 F.Supp. 1039, 1041 (N.D.Ill.1987). The defense of statute of limitations may be raised in a motion to dismiss if the time alleged in the complaint shows clearly that the cause of action has not been brought within the appropriate statute of limitations. *Harris v. WGN Continental Broadcasting Co.*, 650 F.Supp. 568, 572 (N.D.Ill.1987).

§ 11706(a) of the Interstate Commerce Act, entitled "Limitation on actions by and against carriers" provides that:

a common carrier providing transportation or service subject to the jurisdiction of the Interstate Commission under chapter 105 of this title or a freight forwarder must begin a civil action to recover charges for transportation or service provided by the carrier or freight forwarder *within three years after the claim accrues.* (emphasis added).

While the Complaint does not specify the dates upon which the services for which payment is sought were rendered, the dates upon which the claims accrued may be determined by reference to a printout, attached as an exhibit to the Complaint, which enumerates a series of waybill numbers, dates and amounts representing each claim. *See Chicago and North Western Transportation Company v. Atchinson, Topeka, and Sante Fe Railway Co.*, 609 F.2d 1221, 1226 (7th Cir.1979); *Puerto Rico Marine Management v. El Verde Poultry Farms, Inc.*, 590 F.Supp. 1174, 1176 (D.P.R.1984) (both courts considered claim to have accrued when transportation services were rendered).

The parties agree that, based upon this printout, all but one of the claims asserted by MCACC would be barred by the three year statute of limitations as of the date MCACC filed its complaint—June 16, 1989.

However, MCACC asserts that the three year statute of limitations is extended for an additional two years under 11 U.S.C. § 108(a) of the Bankruptcy Code and has attached to its response an Agreement which it asserts entitles it to take advantage of this extension of the limitations period. If § 108 is applicable, then all of MCACC's claims are timely brought.

§ 108 provides:

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief. Since § 11706, "fixes a period within which a debtor may commence an action," § 108(a) is applicable to extend the period. However, the real issue is whether MCACC may properly invoke the benefits of § 108(a).

■ The courts have construed § 108 such that, in addition to the trustee, a debtor-in-possession in a chapter 11 case, which has all of the powers and duties of a trustee, 11 U.S.C. § 1107(a), may take advantage of the two year extension in limitations periods. *See Cunningham v. Healthco,* 824 F.2d 1448, 1459–60 (5th Cir. 1987); *Wood & Locker, Inc. v. Doran and Associates,* 708 F.Supp. 684, 686–87 (W.D. Penn.1989); *Seawinds Limited v. Nedlloyd Lines B.V.,* 80 B.R. 181, 187 (N.D. Cal.1987); *In re T.C.I. Ltd,* 21 B.R. 876, 878 (Bankr.N.D.Ill.1982). However, a debtor, such as Brinke, may not. *See Cunningham,* 824 F.2d at 1460; *In re Lawler,* 53 B.R. 166, 172 (Bankr.N.D.Tex.1985); *In re Dohm,* 14 B.R. 701, 702 (Bankr.N.D.Ill. 1981); *In re Craig,* 7 B.R. 864, 865–66 (Bankr.E.D.Tenn.1980).

Furthermore, while an agent of the trustee or of the debtor-in-possession may, on behalf of its principal, invoke § 108, there is no precedent for, and it would be inconsistent with the plain language of the Bankruptcy Code, to allow a mere purchaser or assignee of a Chapter 7 debtor's claims to take advantage of § 108. Admittedly, allowing the trustee to assign his rights under § 108(a), along with the claims of the estate, would increase the value of certain claims, thereby augmenting the trustee's ability to maximize the value of assets of the estate. However, this court will not engage in such an expansive interpretation of § 108.

■ MCACC's complaint asserts that it is merely a "purchaser/and or assignee" of the claims of Brinke. Neither is there an assertion of agency nor is the Agreement attached as an exhibit to the complaint. As such, the complaint is technically deficient and must be dismissed. However, the complaint may be subject to a curative amendment. MCACC claims that, because the Agreement was executed by the trustee for Brinke, its agreement is with the trustee and thus it is "acting on behalf of and as agent for the trustee...." LPI counters that, based upon the language of the Agreement, it is between Brinke and MCACC and therefore "MCACC is acting on behalf of Brinke Transportation Corp. and not on behalf of a trustee of Brinke."

■ Brinke could not have entered into an agreement post petition disposing of or transferring "its" claims against LPI. Upon the filing of a Chapter 7 case, all of the debtors' assets become the property of the bankruptcy estate, 11 U.S.C. § 541, of which the trustee is the representative. 11 U.S.C. § 323. Therefore, upon the commencement of the bankruptcy case, Brinke no longer had the legal ability to dispose of property of the estate. The Agreement, though arguably possibly somewhat misleading, is between LPI and the trustee acting on behalf of the bankruptcy estate. Agreement at p. 1. However, that does not end the inquiry. A bankruptcy trustee may assign claims of the estate for consideration, as well as enter into an agency agreement for the collection of the claims. If the trustee intended the former rather than the latter, then MCACC would be a

mere assignee and could not invoke § 108. An examination of the Agreement reveals that the trustee and MCACC intended to create a relationship of principal and agent, respectively. The Agreement specifically states that "Delta [MCACC] is appointed to act as Client's [Trustee's] agent to collect all of the Accounts Receivable ..." Agreement at p. 7. Therefore, the court concludes that MCACC is the trustee's agent for the purposes set forth in the agreement and that consequently MCACC may, on behalf of the trustee, invoke the benefits of § 108.

In sum, defendant's motion to strike and dismiss is granted; however, the dismissal is without prejudice and plaintiff is given until November 21, 1989 to file an amended complaint incorporating the Agreement and the allegations of agency necessary to invoke § 108.

IT IS SO ORDERED.