**In re Anthony and Denise PARLOVECCHIO, Debtors.**

No. 04–41796–R.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Oct. 6, 2004.

Geoffrey L. Silverman, West Bloomfield, MI, for Debtors.

*Opinion Regarding Trustee's Objection to Claim of Fuller Central Park Properties, L.L.C.*

STEVEN W. RHODES, Chief Judge.

## I.

This matter is before the Court on the trustee's objection to a proof of claim filed by Fuller Central Park Properties, L.L.C. On June 25, 2004, this creditor filed a proof of claim asserting a secured claim in the amount of $390,257.32. The proof of claim indicated that the claim was secured by a mortgage on the debtors' property located at 3296 Pine Lake Rd., West Bloomfield, MI. FCPP's mortgage was fifth in priority at the time it was recorded on June 24, 2002. The trustee's objection contends that this mortgage was extinguished when senior liens were foreclosed pre-petition.

The facts leading to this dispute are straightforward and undisputed. Foreclosure sales for each of the three senior mortgages took place and sheriff's deeds were issued on July 15, 2003, July 29, 2003, and August 12, 2003.[1] The redemption period applicable to each of the mortgages was six months. *See* MCLA § 600.3140. On January 22, 2004, the debtors filed their chapter 7 proceeding. Pursuant to 11 U.S.C. § 108(b), the trustee had an additional 60 days within which to redeem the property. On February 17, 2004, the trustee and the debtors filed a joint motion for authority to sell real estate free and clear of liens. On March 9, 2004, the Court entered an order authorizing the sale. Pursuant to the sale order, the trustee redeemed the property and sold it.

## II.

The trustee argues that FCPP's junior mortgage was extinguished upon the expiration of the six month redemption period for the three senior mortgages. The trustee contends that the 60 day extension provided under § 108(b) is for the benefit of the trustee and the estate only and that a creditor such as FCPP cannot take advantage of the extension.

FCPP asserts that there is no case law to support the trustee's position. Further, FCPP argues that because the property was redeemed within the extended re-

---

**1.** The record does not clearly establish which sheriff's deeds were issued on these dates, but it is unnecessary to resolve this for purposes of this matter.

demption period, its rights were not extinguished. FCPP contends that upon redemption, the first, second, and third mortgagors' interests were extinguished and FCPP's fifth priority interest transferred to the proceeds of the sale.

### III.

■ Michigan law provides that a mortgagor whose property is sold pursuant to foreclosure proceedings has a right, within six months of the sale, to redeem the property. MCLA § 600.3140. When not redeemed, a sheriff's deed ripens into legal title and cuts off all junior interests in the property that were not consented to by the mortgagee. *See Senters v. Ottawa Sav. Bank,* 443 Mich. 45, 503 N.W.2d 639 (1993); MCLA § 600.3236.[2]

■ Upon filing the petition, the time for redemption is automatically extended 60 days by operation of 11 U.S.C. § 108(b), which provides in pertinent part:

[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.

11 U.S.C. § 108(b).

■ The trustee contends that because the mortgages were not redeemed within this six month statutory period, FCPP's rights were extinguished, even though the mortgages were redeemed within the extended redemption period. This is premised on the trustee's argument that creditors cannot benefit from an extension of time under § 108(b). The trustee relies on *Motor Carrier Audit & Collection Co. v. Lighting Prods., Inc.,* 113 B.R. 424 (N.D.Ill.1989), and *U.S. for Use of American Bank v. C.I.T. Constr., Inc.,* 944 F.2d 253 (5th Cir.1991). Both of these cases hold that the extension rights granted in § 108(a) are not available to creditors. However, the Court concludes that those cases do not apply here because FCPP is not attempting to directly extend its rights under § 108(b). Rather, any benefit it receives flows indirectly from the trustee's redemption within the extended time period.

*Keybank Nat'l Assoc. v. Ameriquest Mortgage Co.,* 2004 WL 1057814 (Mich. App. May 11, 2004), is instructive on the issue. In that case, the mortgagee and the purchaser at the foreclosure sale agreed to an extension of the redemption period. Keybank was the holder of a second mortgage on the property. Ameriquest agreed to loan the mortgagee the funds in exchange for a first mortgage on

**2.** MCLA § 600.3236 provides:

Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled, as hereinafter provided; and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed without being re-recorded, but no person having any valid subsisting lien upon the mortgaged premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale, nor shall his rights or interests be in any way affected thereby.

the property. The mortgagee defaulted on Ameriquest's mortgage and Ameriquest attempted to enforce its interest. Keybank filed an action to determine each parties' respective interest. Ameriquest argued that because the statutory redemption period expired before the property was redeemed, Keybank's second mortgage was extinguished pursuant to MCLA § 600.3236 and Keybank was not entitled to benefit from the parties' agreement to extend the redemption period. The Court disagreed, holding that where the parties agree to extend the period for redemption, a junior mortgage holder's rights are not extinguished until the expiration of the extended redemption period. When the property was redeemed within the extended redemption period and the original mortgage satisfied, Keybank moved into the position of first priority lien holder.

Similarly in this case, the Court concludes that FCPP's interest would not have been extinguished until the expiration of the redemption period as extended pursuant to § 108(b). Because the property was redeemed within the extended period, FCPP's mortgage was not extinguished.

Accordingly, the Court will enter an order overruling the trustee's objection to the proof of claim of FCPP.