[No. F013037. Fifth Dist. May 23, 1991.]

CAROL ANN TURLEY, Plaintiff and Appellant, v.
JOSEPH WOOLDRIDGE et al., Defendants and Respondents.

**COUNSEL**

Thomas J. Anton, Elizabeth E. Mariani and Franklin Gordon for Plaintiff and Appellant.

Clifford, Jenkins & Brown and James E. Brown for Defendants and Respondents.

## OPINION

**BEST, P. J.**—Appellant Carol Ann Turley (Turley) appeals from a summary judgment entered in her action against respondents Joseph Wooldridge et al. (Wooldridge) for legal malpractice. The novel issue presented is whether the potential to set aside a judgment under Code of Civil Procedure[1] section 473 or the court's general equitable powers (see *In re Marriage of Baltins* (1989) 212 Cal.App.3d 66, 80-81 [260 Cal.Rptr. 403]) delays the accrual of "actual injury" as that phrase is used in section 340.6, subdivision (a)(1). We conclude it does not and affirm the judgment.

### STATEMENT OF FACTS

On June 26, 1987, Turley filed a complaint for legal malpractice against Wooldridge and his law firm. Turley alleged that on or about June 1, 1982, she retained Wooldridge to advise her regarding a marriage termination agreement (Agreement); in negotiating and reviewing the Agreement, Wooldridge failed to exercise reasonable care to insure she received an equal community property division and appropriate spousal support; as a result, she received substantially less than half of the community property and failed to receive the spousal support to which she was entitled after 20 years of marriage.

Wooldridge moved for summary judgment on the ground the action was barred by the four-year limitations period prescribed in section 340.6. Turley contended her action was timely because the tolling provision of section 340.6, subdivision (a)(1) applied until she suffered "actual injury." She claimed she did not suffer "actual injury" until she was no longer able to modify the final judgment of dissolution under section 473 (relief from judgment taken by mistake, inadvertence, surprise, or excusable neglect) or the court's equitable powers to set aside a fraudulent agreement or judgment. Thus, she did not suffer actual injury until July 21, 1983, at the earliest, six months after entry of final judgment, and less than four years before she filed her complaint.

The following facts were undisputed: Wooldridge was hired to advise Turley regarding the Agreement in June 1982; the Agreement was signed

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

June 21, 1982, and approved by the court in the interlocutory judgment of dissolution which was entered on October 26, 1982; Turley had no contact with Wooldridge or anyone else in his firm after June 1982 and signed a "Declaration Re Unrepresented Party" which was filed in the dissolution action on August 28, 1982; and final judgment of dissolution of marriage was entered on January 21, 1983.

The trial court found that Turley suffered "actual injury" as a result of the alleged malpractice regarding the property division on the effective date of the Agreement, June 21, 1982, more than four years before her complaint was filed. As to the alleged malpractice regarding spousal support, the court found that Turley suffered actual injury more than four years before she filed her complaint. Since the Agreement merged with the interlocutory judgment entered on October 26, 1982, even if the potential for section 473 relief delayed accrual of actual injury until six months after entry of the interlocutory judgment, Turley suffered irremediable injury on April 26, 1983, more than four years before she filed her complaint. Moreover, Turley remarried on January 28, 1983, which terminated her right to spousal support under the terms of the Agreement. Accordingly, the court granted the motion for summary judgment and entered judgment in Wooldridge's favor.

## DISCUSSION

### *Was the action barred by section 340.6?*

Review of a summary judgment is limited to determining upon a de novo examination of the documents presented to the trial court whether there was no genuine issue of material fact and the moving party was entitled to judgment as a matter of law. (*Mendoza* v. *Easton Gas Co.* (1988) 197 Cal.App.3d 781, 784 [243 Cal.Rptr. 136].) Summary judgment is proper if a defendant's declarations and evidence establish a complete defense to the plaintiff's action. (*DeRosa* v. *Transamerica Title Ins. Co.* (1989) 213 Cal.App.3d 1390, 1395 [262 Cal.Rptr. 370].)

The statute of limitations for attorney malpractice, section 340.6, states in pertinent part:

"(a) An action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal

action exceed four years except that the period shall be tolled during the time that any of the following exist:

"(1) The plaintiff has not sustained actual injury; . . ."

█ The statute of limitations in a legal malpractice action does not begin to run simply when the plaintiff knows, or should know, of the attorney's negligence. The plaintiff must also suffer actual and appreciable harm. (*Goebel* v. *Lauderdale* (1989) 214 Cal.App.3d 1502, 1507 [263 Cal.Rptr. 275].) Harm is actual and appreciable when it becomes "irremediable." Irremediable means something which is lost or something which is impossible to remedy. (*Robinson* v. *McGinn* (1987) 195 Cal.App.3d 66, 72, 74 [240 Cal.Rptr. 423].)

█ Turley contends she did not sustain actual injury until six months after entry of the final judgment of dissolution of marriage, because only then did error associated with the Agreement become irremediable. Until then, she argues, the terms of the Agreement were subject to challenge under section 473. She relies on a line of cases which found delayed accrual of the legal malpractice claim when the harm flowing from the alleged negligence was not irremediable until a later event rendered it so.

The first case, *Heyer* v. *Flaig* (1969) 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161], held that when a negligent attorney fails to fulfill the testamentary directives of the client, the statute of limitations for the claim of the injured beneficiary runs not from the date the alleged erroneous document is executed but from the date of the testatrix's death. Only then does the beneficiary suffer an irremediable injury. (*Id.* at p. 225.)

The second case, *Southland Mechanical Constructors Corp.* v. *Nixen* (1981) 119 Cal.App.3d 417 [173 Cal.Rptr. 917], reached an analogous conclusion. The defendant-attorneys negligently processed a claim the plaintiff subcontractors made against the government. As a result, plaintiffs lost their right to receive additional compensation for work they had completed on a project for the government. The negligence occurred between April 1973 and January 29, 1976, when the attorneys received the Army's final decision denying the claim. The government notified the attorneys they had 30 days after receipt of the final decision to appeal. Since no appeal was filed, the decision became "legally conclusive" on February 28, 1976. (*Id.* at pp. 423-424.) The court held that the plaintiffs' legal malpractice claim accrued and they suffered actual injury on February 28. The damage to plaintiffs became irremediable on the last date on which an administrative appeal could be filed. At that point, plaintiffs lost their right to compensation

from the government, the exact purpose for which the attorney defendants were hired. (*Id.* at p. 433.)

Similarly, in *Bell* v. *Hummel* (1982) 136 Cal.App.3d 1009 [186 Cal.Rptr. 688], the defendant attorney failed to assert a valid cause of action on the appellant's behalf against a doctor for medical malpractice. Appellant admitted he discovered the possible legal malpractice more than a year before he filed his action. (*Id.* at pp. 1016-1017.) Appellant went to a new lawyer who sought to rectify the problem by seeking to join appellant's claim with his wife's claim which was then pending before the court stemming from the same medical malpractice. The court found that appellant's actual injury occurred when the court denied his motion to amend the complaint to add his name. It held:

"[T]he impact and accrual of the damages [did not occur until] the new attorney failed in his attempt to rectify the previous mistake . . . . Until the court denied appellant the right to join his wife's complaint as a coplaintiff in order to assert his claims arising from the alleged medical malpractice, his damage had not fully accrued. It was not until then that his claims were lost and the full impact of the wrongful acts settled leaving damage that was for all practical purposes irremediable." (136 Cal.App.3d at pp. 1016-1017.) Before his motion was denied, appellant only knew that his attorney had made an error, but no appreciable harm had resulted from the error until it could not be remedied. Since any damage was prospective, the statute of limitations was tolled. (*Id.* at p. 1017.)

In the fourth case, *Robinson* v. *McGinn, supra,* 195 Cal.App.3d 66, appellant was injured while working as a police officer. He claimed his attorney's negligent representation in relation to his injuries caused him to lose his job and prejudiced his ability to obtain a disability pension. The issue before the court was whether the statute of limitations on his legal malpractice action commenced running when the individual city officials denied him reinstatement and a pension or when the city held an administrative appeal to which appellant was legally entitled and ruled against him. (*Id.* at p. 72.) The court held that appellant's harm did not become irremediable until the city council made its final administrative adjudications finding him not incapacitated and denying his request for a disability pension. If the city council had awarded appellant a pension he would have suffered no actual harm. (*Id.* at p. 74.)

Finally, in *Goebel* v. *Lauderdale, supra,* 214 Cal.App.3d 1502, appellant's bankruptcy attorney advised him in September 1984 to collect money owing on a job in progress and stop work on the project. Neither appellant nor the attorney was aware that such conduct constituted an illegal diversion of

funds under Penal Code section 484b. Appellant was arrested in 1985 and convicted of diversion of funds on January 28, 1986. He filed his legal malpractice suit in June 1986. The action was timely because the statute of limitations did not begin to run until appellant was convicted. (*Goebel, supra*, at pp. 1505-1506.)

The court noted that damages cannot be based on sheer speculation, and the mere possibility or even probability that damages will result from wrongful conduct does not render it actionable. Until defendant was convicted, he suffered no actual harm as a result of his attorney's alleged negligence. Further, if he had been acquitted, he would have suffered no actual harm. Thus, the injury was not irremediable until his conviction. (*Goebel* v. *Lauderdale, supra*, 214 Cal.App.3d at p. 1507.)

While these cases stand for the proposition that actual injury may accrue long after the alleged legal malpractice and thus toll the statute of limitations, they do not support the conclusion that the potential for relief under section 473 or the court's general equitable powers automatically delays accrual of actual injury. First, while the cases use the term "irremediable," they obviously do not mean absolutely irremediable. For example, Goebel's cause of action accrued when he was convicted, not when his conviction was no longer subject to challenge by appeal or writ of habeas corpus. Bell's cause of action accrued when the trial court denied his motion to join his claim with his wife's, not when that decision was immune from challenge by way of motion for reconsideration or appeal. Finally, Robinson's claim accrued when he exhausted his administrative remedies without regard to potential judicial remedies. (And see *Laird* v. *Blacker* (1991) 229 Cal.App.3d 159, 171-175 [279 Cal.Rptr. 700] which holds "actual injury" need not be "irremediable.")

Second, Turley's case is factually distinguishable from *Heyer, Southland, Bell* and *Goebel*. If her claims of malpractice are true, Turley suffered actual harm when the Agreement was signed on June 21, 1982. As noted by the trial court in its ruling, the Agreement "provides for its effectiveness on the date of execution; provides for present transfers of interest in property and the effectiveness of the agreement or the transfers of property were not made contingent upon approval by the court and the provisions of the agreement relating to the transfer of property were not to be merged in the anticipated Interlocutory Judgment of Dissolution of Marriage." By its terms, the Agreement was effective on the date it was signed by the parties. Therefore, the provisions awarding Turley inadequate support and less than her share of the

community property were operational on that date.[2] (§ 664.6; *Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 994 [203 Cal.Rptr. 356].) At that point, her damages were not speculative, but appreciable. The fact that she could have challenged the Agreement in an action for rescission or other contract relief, or the interlocutory judgment under section 473 or the court's equitable powers did not affect the date she suffered actual harm. When she signed the purportedly unfair Agreement on the alleged negligent advice of counsel and thereby rendered it effective, all essential elements of her cause of action for legal malpractice had occurred. There was no justification for tolling the statute of limitations beyond that point. (See discussion in *Budd v. Nixen* (1971) 6 Cal.3d 195, 200-202 [98 Cal.Rptr. 849, 491 P.2d 433].)

Turley's claim is analogous to one made in *Troche v. Daley* (1990) 217 Cal.App.3d 403 [266 Cal.Rptr. 34]. There, plaintiff brought an action for legal malpractice based on defendant's failure to timely serve her complaint. Defendant's motion for summary judgment was granted on the ground the action was barred by section 340.6. (*Troche, supra,* at pp. 406-407.) The court held that plaintiff had suffered actual harm when her federal lawsuit was dismissed rather than 10 months later when the district court denied her request to appeal in forma pauperis. (*Id.* at pp. 410-412.)

Further, while Turley's injury is arguably analogous to Robinson's lost pension in *Robinson v. McGinn, supra,* 195 Cal.App.3d 66, her situation is different procedurally. Robinson had an automatic right of administrative appeal which he pursued. Hence, his injury was not irremediable while administrative remedies existed. On the other hand, Turley did not pursue any of the legal or equitable remedies available to her to challenge the purportedly unfair Agreement terms.

Accordingly, Turley suffered "actual injury" from the allegedly unequal community property division when she executed the Agreement. And she suffered "actual injury" in connection with spousal support when the

---

[2]The Agreement was approved by the court in the interlocutory judgment of dissolution but only the spousal support, custody and visitation provisions were incorporated into the judgment. The final judgment of dissolution of marriage, entered on January 21, 1983, merely restored the parties to the status of unmarried persons.

To the extent the spousal support provisions were incorporated into the interlocutory judgment of dissolution, they became the order of the court. The merged Agreement provisions were superseded by the judgment and ceased to be of independent legal significance. Thus, the obligations imposed were not those imposed by contract, but those imposed by decree, and enforceable as such. (*In re Marriage of Jones* (1987) 195 Cal.App.3d 1097, 1104 [241 Cal.Rptr. 231].) However, even if the merger delayed Turley's actual injury regarding spousal support until entry of the interlocutory judgment in October 1982, her complaint was still filed more than four years beyond that date.

interlocutory judgment of dissolution was entered. Both events occurred more than four years before she filed her malpractice suit.[3] As a result, the action was barred by section 340.6 and the court properly entered summary judgment for Wooldridge.

## DISPOSITION

The judgment is affirmed. Costs to respondents.

Martin, J., and Thaxter, J., concurred.

---

[3]In addition, Turley remarried in January 1983 and her right to spousal support ceased. Therefore, any injury she suffered with respect to spousal support had to have accrued more than four years before she filed her action on June 26, 1987.