Opinion
 

 ORTEGA, J.
 

 Plaintiff California Aviation, Inc. (CAI) appeals from the judgment dismissing its case entered following the trial court’s grant of defendant Arthur Leeds’s (Leeds) summary judgment motion. CAI filed a chapter 11 bankruptcy petition, and later sued Leeds, an attorney, for malpractice allegedly arising from his representation of CAI in an earlier case. Leeds successfully argued that the statute of limitations barred CAI’s claim. We conclude the trial court erred in applying the one-year legal malpractice state limitations statute (Code Civ. Proc., § 340.6, subd. (a)) rather than the two-year federal bankruptcy limitations extension statute (11 U.S.C. § 108(a)). We reverse the judgment.
 

 Facts
 

 In 1966, the City of Santa Monica (City) leased portions of Santa Monica Airport to CAEs corporate predecessor to provide fuel, airplane accessories, maintenance, hangars, and other support services to aircraft using the airport. CAI contracted with C & K Aviation, Inc. (C & K) to provide management services. Later, the City decided to develop portions of CAEs leasehold and move CAEs operations to other airport property. Disputes arose regarding whether CAEs contract with C & K constituted a prohibited sublease, and whether CAI was entitled to additional development rights. The lease contained a provision for attorneys’ fees.
 

 In 1979, CAI sued the City for, among other causes of action, breach of contract, inverse condemnation, and tortious interference with easement. CAI hired Leeds to prosecute its case. Settlement negotiations stalled and the City moved for summary adjudication of issues. Leeds failed to file timely written opposition, although the trial court considered his late written opposition and he orally opposed the motion. The motion was granted on February 3, 1986. On the same day, in a letter to Leeds, the City offered “to waive the attorneys’ fees in exchange for the dismissal, with prejudice, of [CAI]’s complaint . ... [¶ We expect that this settlement offer will be conveyed to your client.” CAI claims, but Leeds denies, that Leeds did not convey the offer to CAL Leeds failed to file written opposition to the City’s later summary judgment motion, although he orally opposed it. On August 12, 1986, the motion was granted and, on September 8, 1986, the case was dismissed. Leeds filed a timely notice of appeal. The City claimed over
 
 *466
 
 $230,000 in legal fees pursuant to the attorneys’ fees lease provision. On December 11, 1986, CAI filed a chapter 11 bankruptcy petition, and, on the same day, substituted new counsel for Leeds in its dismissed state court action. The appeal was dismissed on January 30, 1987.
 

 In a related case, on May 24, 1985, the City sued CAI for equitable relief, seeking, among other things, a declaration that CAI’s contract with C & K was a prohibited sublease. CAI hired Leeds to represent it in this second case. On June 17, 1986, CAI substituted a second law firm for Leeds in the second case. During the summer of 1986, an attorney at the second law firm told CAI that Leeds’s response to the City’s summary judgment motion in the first case was inadequate. The second case was stayed by the bankruptcy proceedings. CAI does not contend that Leeds committed malpractice in his handling of the second case.
 

 CAI also discussed a possible legal malpractice action against Leeds with its new counsel in the first case during November 1986, before the December 11, 1986, attorney substitution. The bankruptcy petition stayed the City’s motion for attorneys’ fees in the first action, but the bankruptcy court lifted the stay on March 18, 1987. CAI and the City eventually settled the attorneys’ fees dispute. Sometime between January and April of 1987, CAI’s new counsel in the first case told CAI that Leeds’s summary judgment opposition was inadequate. By March 3, 1987, CAI admittedly knew it had a claim against Leeds. In April of 1987, after receiving the files from Leeds, CAI discovered the February 3, 1986, settlement offer letter from the City to Leeds. On February 10, 1988, CAI sued Leeds for legal malpractice. On February 24, 1988, the bankruptcy court, with the trustee’s consent, granted CAI’s application to employ special counsel to represent it and pursue its case against Leeds. On February 16, 1989, the bankruptcy court granted the trustee’s motion to convert CAI’s bankruptcy petition from a chapter 11 to a chapter 7 petition. The chapter 7 trustee later specifically authorized CAI’s counsel to pursue the case and this appeal.
 

 During the October 27, 1989, hearing on Leeds’s summary judgment motion, the trial court asked Leeds’s counsel: “Isn’t that really a disputed issue, whether or not there was knowledge?” Leeds’s counsel responded that any “dispute” was created only by inconsistencies between CAI’s earlier discovery responses and its declarations opposing Leeds’s summary judgment motion. After hearing further argument from both parties, the trial court granted summary judgment. The order granting summary judgment and the judgment dismissing CAI’s case were entered on December 1, 1989. On February 2, 1990, the trial court denied CAI’s new trial motion, stating “as far as I’m concerned, it’s a one-year statute of limitations . . . .”
 

 
 *467
 
 Issues
 

 Leeds contends (I) CAI’s appeal should be dismissed because CAI’s conversion from a chapter 11 to a chapter 7 bankruptcy petitioner deprived it of standing to pursue its appeal. CAI contends the trial court erred in granting Leeds summary judgment because (II) the federal Bankruptcy Act’s two-year statute of limitations for chapter 11 petitioners, rather than the one-year state statute relied on by the trial court, controls this case, and CAI filed its case within two years of discovery of Leeds’s alleged malpractice; and (III) even if the one-year state statute of limitations applies, CAI filed this case within a year of discovering Leeds’s alleged malpractice.
 

 Discussion
 

 I
 

 Leeds’s contention that CAI’s conversion from a chapter 11 “debtor in possession” to a chapter 7 “debtor” deprived it of standing to appeal lacks merit. Leeds does not dispute that CAI had standing to pursue its case against him as a chapter 11 debtor in possession.
 
 “With or without court approval,
 
 the trustee
 
 or
 
 debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor,
 
 or commence and prosecute any action or proceeding in behalf of the estate before any
 
 tribunal.” (Fed. Rules Bankr., rule 6009, 11 U.S.C., italics added.) Chapter 11 debtors in possession have such standing with or without bankruptcy court approval because they retain possession and control of their assets as part of their bankruptcy court-supervised plans to revive their businesses and satisfy their creditors. However, the bankruptcy court supervises the liquidation of failed chapter 7 debtors, who can begin or maintain lawsuits in their own name only with the bankruptcy court’s and trustee’s approval. Leeds ignores the bankruptcy court’s order, concurred in by the chapter 11 trustee, permitting CAI to pursue this case, and the chapter 7 trustee’s express authorization, after CAI’s bankruptcy petition was converted to a chapter 7 proceeding, for CAI to proceed with the case and this appeal.
 

 Leeds then correctly notes that, “[u]pon the filing of a petition for bankruptcy all of the debtor’s assets, including any interest in a cause of action, pass to the trustee in bankruptcy. [Citations.] An appeal is a
 
 continuation
 
 of a cause of action. The action ‘is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, . . .’ [Citations.] [¶]... [¶] Also, absent an ‘abandonment,’ only the trustee in bankruptcy can represent a debtor’s interests in any litigation by or against the debtor. [Citation.] Nothing before
 
 *468
 
 us indicates that when [the debtor] decided to pursue an appeal on its own behalf the trustee had abandoned its right to file an appeal from the superior court judgment in this case. To prove abandonment, the debtor must establish ‘at least the trustee’s intention’ to do so. [Citation.] Also, leave of the bankruptcy court is required before there can be any abandonment by the trustee. [Citation.] Neither of these two requirements was met here.”
 
 (People
 
 v.
 
 Kings Point Corp.
 
 (1986) 188 Cal.App.3d 544, 548-549 [233 Cal.Rptr. 227]; see
 
 Vreugdenhil
 
 v.
 
 Hoekstra
 
 (8th Cir. 1985) 773 F.2d 213, 215-216;
 
 Reichert
 
 v.
 
 General Ins. Co.
 
 (1968) 68 Cal.2d 822, 829-830 [69 Cal.Rptr. 321, 442 P.2d 377].) Leeds concludes that CAI lacks standing because only the trustee can pursue the appeal.
 

 However, in all the cited cases there were no express bankruptcy court orders and trustee approval authorizing the debtors to proceed with the litigation. In
 
 People
 
 v.
 
 Kings Point Corp., supra,
 
 188 Cal.App.3d at pages 548-549, the trustee actively intervened in the underlying lawsuit and stipulated to certain facts and a judgment. Thus, the court denied the debtor, as opposed to the trustee, standing to pursue an appeal. The cited language in
 
 Vreugdenhil
 
 v.
 
 Hoekstra, supra,
 
 773 F.2d 213, is dictum, as the court expressly declined to determine the debtor’s standing to proceed without the trustee.
 
 (Id.
 
 at p. 216.) (Another federal circuit disagrees with this dictum (see
 
 Smith
 
 v.
 
 State Farm Fire and Cas. Co.
 
 (5th Cir. 1980) 633 F.2d 401, 404-406).) Thus, we reject Leeds’s unsupported contention.
 

 In any event, while “a bankrupt’s cause of action . . . becomes a part of the bankruptcy estate upon the filing of the petition in bankruptcy[,] [citations] ... the transfer, by operation of law, does not divest the [debtor] of his right to continue to prosecute the action, pending assertive action by the representative of the estate, the trustee in bankruptcy. [Citation.] The trustee may, among other things, allow the [debtor] to pursue the action and await the results, any recovery being first for the benefit of the estate. [Citations.]”
 
 (Kaley
 
 v.
 
 Catalina Yachts
 
 (1986) 187 Cal.App.3d 1187, 1194 [232 Cal.Rptr. 384], fns. omitted; see
 
 National Secretarial Service, Inc.
 
 v.
 
 Froehlich
 
 (1989) 210 Cal.App.3d 510, 520 [258 Cal.Rptr. 506];
 
 ABA Recovery Services, Inc.
 
 v.
 
 Konold
 
 (1988) 198 Cal.App.3d 720, 726 [244 Cal.Rptr. 27].) This rule has been specifically applied in the case of a chapter 7 debtor.
 
 (Robinson
 
 v.
 
 McGinn
 
 (1987) 195 Cal.App.3d 66, 78-79 [240 Cal.Rptr. 423].) We reject Leeds’s unpersuasive attempts to distinguish these cases and his invitation to reject them. Thus, even without the express bankruptcy court order and trustee’s consent, CAI has standing to appeal.
 

 II
 

 Preliminarily, we note that after examining the facts before the trial judge on a summary judgment motion, we independently determine their
 
 *469
 
 effect as a matter of law. (Bonus-Built,
 
 Inc.
 
 v.
 
 United Grocers, Ltd.
 
 (1982) 136 Cal.App.3d 429, 440-442 [186 Cal.Rptr. 357].) However, the trial court’s stated reasons for its ruling do not bind us. We review the ruling, not its rationale.
 
 (Barnett
 
 v.
 
 Delta Lines, Inc.
 
 (1982) 137 Cal.App.3d 674, 682 [187 Cal.Rptr. 219].)
 

 Despite this independent review, we apply the same legal standard as the trial court, which must grant summary judgment if no triable issue exists as to a material fact, and if the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) Emphasizing triable issues rather than disputed facts, summary judgment law turns on issue finding rather than issue determination.
 
 (Molko
 
 v.
 
 Holy Spirit Assn.
 
 (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) We construe the moving party’s affidavits strictly, the opponent’s affidavits liberally, and resolve doubts about the propriety of granting this disfavored motion in favor of the party opposing it.
 
 (Ibid.)
 

 This case turns on whether the one-year California statute of limitations for commencing attorney malpractice actions applies, or whether that period is extended by the two-year federal bankruptcy limitations extension statute.
 
 [1]
 
 The parties agree that the one-year state statute was tolled until at least December 11, 1986, when Leeds ceased representing CAI in the underlying case, and that CAI filed this case within two years of filing its bankruptcy petition. Thus, if the state statute applies and began to run on December 11, 1986, the trial court correctly granted Leeds’s summary judgment because CAI’s case was time-barred; if the federal bankruptcy extension statute controls, CAI’s case was timely filed and we must reverse.
 

 The parties also correctly agree that the federal statute applies to chapter 11 “debtors in possession” but not to chapter 7 “debtors.” (11 U.S.C.
 
 *470
 
 § 1107(a);
 
 Cunningham
 
 v.
 
 Healthco, Inc.
 
 (5th Cir. 1987) 824 F.2d 1448, 1459-1460;
 
 Motor Carrier Audit & Coll. Co.
 
 v.
 
 Lighting Prod.
 
 (N.D.Ill. 1989) 113 B.R. 424, 426.) With a slightly different spin on the argument rejected in section I above, Leeds claims CAI’s later conversion from a chapter 11 to a chapter 7 debtor converted the bankruptcy proceedings to chapter 7 status as of the original filing date, thus depriving CAI of the federal statute’s protection. However, none of Leeds’s authorities remotely supports that contention. “Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.” (11 U.S.C. § 348(a).)
 
 In re Firsdon
 
 (Bankr. N.D.Ohio 1987) 70 B.R. 719, 722, merely quotes the above passage and states: “Any claims which arose during die pendency of the Chapter 11 proceeding become claims against the Chapter 7 estate.”
 
 In re Magallanes
 
 (9th Cir. BAP 1988) 96 B.R. 253, 255 notes: “Where a case is converted from Chapter 11 to Chapter 7, property of the estate is determined by the filing date of the Chapter 11 petition, and not by the conversion date. [Citations.]” Neither case addresses a similar situation. Moreover, in
 
 Cunningham
 
 v.
 
 Healthco, Inc., supra,
 
 824 F.2d at page 1460, a later confirmed reorganization did not deprive a chapter 11 debtor of the federal statute’s protection. Thus, we reject Leeds’s contention that CAI’s later conversion to chapter 7 status deprived it of the federal statute’s protection.
 

 We begin with basic principles accepted by the parties. “Deciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict.”
 
 (Perez
 
 v.
 
 Campbell
 
 (1971) 402 U.S. 637, 644 [29 L.Ed.2d 233, 239, 91 S.Ct. 1704].) “With the construction of both statutes clearly established, . . . our function is to determine whether a challenged state statute ‘stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.’ [Citation.]”
 
 (Id.
 
 at p. 649 [29 L.Ed.2d at p. 242].) “[A]ny state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause.”
 
 (Id.
 
 at p. 652 [29 L.Ed.2d at pp. 243-244].) The court held unconstitutional a section of the Arizona Motor Vehicle Safety Responsibility Act which permanently suspended driver’s licenses of drivers who failed to satisfy adverse judgments arising from their driving even if the judgments were discharged in bankruptcy.
 
 (Id.
 
 at p. 656 [29 L.Ed.2d at p.246].) The Arizona statute unconstitutionally conflicted with one of the Bankruptcy Act’s primary purposes “to give debtors ‘a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt[,]’ [citations] . . . includ
 
 *471
 
 [ing] freedom from most kinds of pre-existing tort judgments.”
 
 (Id.
 
 at p. 648 [29 L.Ed.2d at pp. 241-242].)
 

 “In reaching this conclusion the
 
 Perez
 
 opinion made clear that the controlling principle is whether a state statute interferes with and frustrates a federal statute and not merely whether the former is designed for some conceivable state purpose. In other words, the existence
 
 vel non
 
 of a conflict depends on the
 
 effect
 
 of the state statute and cannot be determined merely by a consideration of its purpose.”
 
 (Grimes
 
 v.
 
 Hoschler
 
 (1974) 12 Cal.3d 305, 310 [115 Cal.Rptr. 625, 525 P.2d 65] (invalidating a state statute subjecting licensed contractors to discipline, including license revocation, if, through bankruptcy, they avoided or settled for less than full value any “obligation” incurred as a contractor.) Finally, “federal bankruptcy law preempts state law but only to the extent that the state law conflicts with the federal law. [Citations.]”
 
 (Paul
 
 v.
 
 Monts
 
 (10th Cir. 1990) 906 F.2d 1468, 1475.) Thus, even if the federal bankruptcy law prevails, the state statute remains valid except in situations preempted by federal law. Therefore, even if the federal statute prevails, the state provision tolling the limitations period while the attorney represents the client (Code Civ. Proc., § 340.6, subd. (a)(2)) continues to apply,
 
 if
 
 the bankruptcy petition is filed before the state limitations period expires.
 

 “ ‘The main thrust of [the Bankruptcy Act] is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition.’
 
 Lines
 
 v.
 
 Frederick
 
 [(1970)] 400 U.S. 18, 19, [citation.]”
 
 (In re Ranter
 
 (9th Cir. 1974) 505 F.2d 228, 231 (affirming the district court’s invalidation of a California statute expressly designed to prevent the bankruptcy court from declaring a bankrupt’s tort claim part of the estate).) “[11 U.S.C.] § 108(a) is designed to protect creditors, not debtors.”
 
 (In re Northern Specialty Sales, Inc.
 
 (Bankr.D.Ore. 1986) 57 B.R. 557, 559, fn. 1.)
 

 Code of Civil Procedure section 340.6’s primary purpose “ ‘ “is to prevent the assertion of stale claims by plaintiffs who have failed to file their actions until evidence is no longer fresh and witnesses are no longer available." ’ ”
 
 (Robinson
 
 v.
 
 McGinn, supra,
 
 195 Cal.App.3d at p. 77.) Moreover, “the tolling provisions contained in section 340.6 are exclusive. By including the limitation that ‘in no event’ shall the prescriptive period be tolled except under those circumstances specified in the statute, the Legislature expressed an intent to disallow tolling under any other circumstances.”
 
 (Bledstein
 
 v.
 
 Superior Court
 
 (1984) 162 Cal.App.3d 152, 160 [208 Cal.Rptr. 428].)
 

 CAI’s contention that 11 United States Code section 108(a) controls over Code of Civil Procedure section 340.6 is well taken. The federal statute
 
 *472
 
 expressly extends nonbankruptcy limitations statutes to protect creditors. Following contrary state limitations statutes would reject Congress’ express intent to extend those limitations periods. Contrary to Leeds’s assertion, this extension provides no windfall to CAI because any recovery belongs to its bankruptcy estate, thus merely assuring its creditors access to all the bankrupt’s potential assets. Moreover, numerous federal authorities have concluded that 11 United States Code section 108(a) controls over conflicting limitations statutes.
 
 (Cunningham
 
 v.
 
 Healthco, Inc., supra,
 
 824 F.2d at pp. 1459-1461;
 
 Motor Carrier Audit & Coll. Co.
 
 v.
 
 Lighting Prod., supra,
 
 113 B.R. at p. 426 and cases cited therein;
 
 In re Hansen
 
 (Bankr.N.D.Ohio 1990) 114 B.R. 927, 932-933 (“under [11 U.S.C.] § 108(a), a state statute of limitations for a cause of action belonging to the debtor is extended for the trustee if time has not expired prior to the date the petition was filed. [Citations.] [Dictum.].”)
 

 None of Leeds’s cited authorities supports his position that Code of Civil Procedure section 340.6 overrides the federal statute. Both
 
 USX Corp.
 
 v.
 
 Schilbe
 
 (Fla.App. 1989) 535 So.2d 719, and
 
 Swartzman
 
 v.
 
 Harlan
 
 (Fla.App. 1988) 535 So.2d 605 held that different sections of the Bankruptcy Act did not extend state limitations periods for actions
 
 against
 
 the debtors.
 
 In re Lawler
 
 (N.D.Tex. 1989) 106 B.R. 943, 960-961 stated in dictum that 11 United States Code section 108(a)’s predecessor applied to trustees but not to chapter 7 debtors. CAI was not a chapter 7 debtor at the relevant times. Finally,
 
 Butner
 
 v.
 
 United States
 
 (1979) 440 U.S. 48, 51-58 [59 L.Ed.2d 136, 139-143, 99 S.Ct. 914] merely determined that state law, rather than some general federal equity rule, defines property rights to rents collected between a mortgagor’s bankruptcy and the foreclosure sale of the mortgaged property.
 

 Thus, we hold that, where a chapter 11 bankruptcy petition is filed before a legal malpractice action is time barred under Code of Civil Procedure section 340.6, 11 United States Code section 108(a) applies and defines the applicable limitations period for filing a legal malpractice case. Here, the chapter 11 bankruptcy petition was filed on December 11,1986. On the same day, Leeds ceased representing CAI, and the one-year state limitations statute, previously tolled (Code Civ. Proc., § 340.6, subd. (a)(2)), began to run. As the state limitations period had not yet expired, 11 United States Code section 108(a) extended the applicable limitations period to two years, which expired on December 11, 1988. Therefore, CAI timely filed its malpractice case on February 10,1988. We conclude that, on this record, the trial court erred in applying the one-year limitations period of Code of Civil Procedure section 340.6, subdivision (a) rather than the two-year period prescribed by 11 United States Code section 108(a). We reverse the judg
 
 *473
 
 ment for Leeds, and remand the matter to the trial court with directions that it deny Leeds’s summary judgment motion.
 

 Ill
 

 Because we find that the two-year federal bankruptcy limitations extension statute, rather than the one-year state limitations statute, governs CAI’s case, we need not address whether CAI also filed its case within the period controlled by the one-year state statute. (Cf.
 
 Turley
 
 v.
 
 Wooldridge
 
 (1991) 230 Cal.App.3d 586, 589-594 [281 Cal.Rptr. 441];
 
 Johnson
 
 v.
 
 Simonelli
 
 (1991) 231 Cal.App.3d 105, 109-112 [282 Cal.Rptr. 205].)
 

 Disposition
 

 We reverse the judgment. We remand the matter to the trial court with directions that it strike its earlier order granting Leeds’s summary judgment, and enter a new order denying Leeds’s summary judgment motion.
 

 CAI is entitled to its costs on appeal.
 
 [2]
 

 Devich, Acting R J., and Vogel, J., concurred.
 

 [1]
 

 “An action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury; [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred . . . .” (Code Civ. Proc., § 340.6, subd. (a).)
 

 “If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) two years after the order for relief.” (11 U.S.C. § 108(a).) Subject to certain inapplicable exceptions, a chapter 11 “debtor in possession” has all the rights of a trustee. (11 U.S.C. § 1107(a).)
 

 Filing a voluntary chapter 11 petition constitutes entry of an “order for relief.” (11 U.S.C. § 301;
 
 In re Glenn
 
 (6th Cir. 1985) 760 F.2d 1428, 1437, fn. 6.)
 

 [2]
 

 After we issued our opinion, but before it became final, Leeds requested that we modify our opinion to correct two alleged factual misstatements. Leeds’s request was accompanied by copies of a superior court minute order and portions of his deposition transcript which were not originally part of the record on appeal. Leeds did not move to augment the record to include these new materials. However, absent any objection by CAI, we have accordingly modified the opinion.