39 Cal.App.4th 1324 (1995)
46 Cal. Rptr.2d 409
MICHAEL POMPILIO et al., Plaintiffs and Appellants,
v.
KOSMO, CHO & BROWN et al., Defendants and Respondents.
Docket No. B091868.
Court of Appeals of California, Second District, Division Six.
November 2, 1995.
*1325 COUNSEL
R. Thomas Wire for Plaintiffs and Appellants.
Kosmo, Cho & Brown and Malcolm Tator for Defendants and Respondents.
OPINION
GILBERT, J.
During arbitration proceedings, plaintiffs and defendants settle their lawsuit. Plaintiffs then renege. At a second arbitration hearing the arbitrator finds the settlement to be valid. Three years later, defendants obtain a judgment confirming the arbitration award which upheld the settlement. Plaintiffs sue the attorneys who negotiated the settlement. Does the statute of limitations for legal malpractice run from the date of settlement or the date judgment was entered confirming the award? Here we hold that plaintiffs' malpractice action commenced to run when they settled their dispute with defendants.
*1326 Plaintiffs Michael and Annabelle Pompilio appeal a judgment dismissing their legal malpractice action against their former attorneys, Duane Skavdahl and Kosmo, Cho & Brown. We affirm and conclude the Pompilios' action for legal malpractice is barred by the one-year limitations period of Code of Civil Procedure section 340.6.[1]

FACTS
On October 6, 1994, plaintiffs Michael and Annabelle Pompilio filed a legal malpractice action against their former attorneys, Duane Skavdahl and Kosmo, Cho & Brown.[2] The Pompilios were dissatisfied with the terms of a 1991 settlement obtained in Levin v. Pompilio. (Super. Ct. Ventura County, 1989, No. 106236.) The Levin lawsuit concerned the Levins' purchase of an apartment building owned by the Pompilios. The Levins claimed that the apartment building contained four illegal apartments, a fact that the Pompilios did not disclose.
Initially, an insurance company employed Skavdahl to represent the Pompilios in the Levin lawsuit. In September 1990, the insurance company refused to continue to pay for such representation. Approximately six months later, the Pompilios employed Skavdahl directly. They alleged that, without their knowledge or permission, Skavdahl agreed to binding arbitration of the Levin litigation. On July 10, 1991, during arbitration, they agreed to "an extremely ill advised settlement" because Skavdahl "coerced and misinformed" them. This settlement agreement allegedly was "substantially out of proportion to the evidence."
Several months later, the Pompilios dismissed Skavdahl and employed other attorneys to set aside the settlement. At a second arbitration hearing, the arbitrator found the settlement was entered into in good faith, was not induced by fraud and was not unconscionable.[3] On May 3, 1994, nearly three years after the settlement agreement, the trial court entered judgment based upon the arbitration award.
Five months after entry of judgment, the Pompilios brought this malpractice action against Skavdahl. In their first amended complaint, they alleged *1327 causes of action for breach of written contract, negligent misrepresentation, breach of fiduciary duty and professional negligence. Skavdahl demurred to the first amended complaint, contending, in part, that the one-year limitations period of section 340.6 precluded the Pompilios' action. Skavdahl asserted that the limitations period commenced in July 1991, when the Levins and the Pompilios settled their dispute during arbitration. The Pompilios responded that the limitations period commenced when the May 3, 1994, judgment was entered against them. The trial judge sustained the demurrer, without leave to amend, finding that the statute of limitations and principles of collateral estoppel barred the action.
The Pompilios appeal and contend neither the statute of limitations nor principles of collateral estoppel preclude their malpractice action against Skavdahl.

DISCUSSION
(1a) The Pompilios assert that the one-year limitations period of section 340.6 was tolled until May 3, 1994, when they suffered "actual injury" by entry of an adverse judgment against them. (§ 340.6, subd. (a)(1).) They rely upon this holding of Laird v. Blacker (1992) 2 Cal.4th 606, 615 [7 Cal. Rptr.2d 550, 828 P.2d 691]: "[U]nder section 340.6, the statute of limitations for legal malpractice actions commences on entry of adverse judgment or final order of dismissal." The Pompilios also rely upon Sirott v. Latts (1992) 6 Cal. App.4th 923, 929-930 [8 Cal. Rptr.2d 206], holding that actual injury is sustained for statute of limitations purposes "upon entry of judgment confirming the arbitration award." They further argue that the four-year limitations period for breach of fiduciary duty applies to one cause of action against Skavdahl. (David Welch Co. v. Erskine & Tulley (1988) 203 Cal. App.3d 884, 893 [250 Cal. Rptr. 339].)
(2a) Under section 340.6, a malpractice action commences once a former client discovers his attorney's malpractice and suffers actual injury therefrom. (ITT Small Business Finance Corp. v. Niles (1994) 9 Cal.4th 245, 250 [36 Cal. Rptr.2d 552, 885 P.2d 965].) Section 340.6 provides: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." (§ 340.6, subd. (a).) Four exceptions toll the limitations period, including one while "[t]he plaintiff has not sustained *1328 actual injury." (§ 340.6, subd. (a)(1).) Thus, discovery of facts essential to malpractice and the suffering of actual harm from the malpractice establish a cause of action and start the statute of limitations. (ITT Small Business Finance Corp. v. Niles, supra, at p. 250.) If a client has not sustained actual injury, the limitations period is tolled. (§ 340.6, subd. (a)(1); Laird v. Blacker, supra, 2 Cal.4th at p. 609.)
(1b) The issue here is when the Pompilios sustained "actual injury" within Laird v. Blacker, supra, 2 Cal.4th 606 and ITT Small Business Finance Corp. v. Niles, supra, 9 Cal.4th 245. Did they suffer actual injury on July 10, 1991, when, during arbitration, they agreed to settle their dispute with the Levins, or on May 3, 1994, when the superior court entered judgment upon the settlement set forth in the arbitration award?
(2b) Our Supreme Court has set forth a "bright-line" rule concerning commencement of limitations periods in attorney malpractice. "[T]he statute of limitations for legal malpractice actions commences on entry of adverse judgment or final order of dismissal." (Laird v. Blacker, supra, 2 Cal.4th 606, 615.) An appeal of the adverse judgment or order does not toll the statute of limitations. (Ibid.; Turley v. Wooldridge (1991) 230 Cal. App.3d 586, 593 [281 Cal. Rptr. 441] [six-month set aside period of section 473 does not toll the statute of limitations].) In "transactional" malpractice cases (negligent legal advice or negligent preparation of documents), the statute of limitations accrues upon entry of adverse judgment, settlement, or dismissal of the underlying action. (ITT Small Business Finance Corp. v. Niles, supra, 9 Cal.4th 245, 258.)
(1c) Neither Laird nor ITT involved a settlement agreement set forth in an arbitrator's award to be confirmed several years later by the superior court.[4]Karno v. Biddle (1995) 36 Cal. App.4th 622 [42 Cal. Rptr.2d 318], Hensley v. Caietti (1993) 13 Cal. App.4th 1165 [16 Cal. Rptr.2d 837] and Turley v. Wooldridge, supra, 230 Cal. App.3d 586, however, involve a plaintiff's settlement of the underlying action and are persuasive here.
Karno v. Biddle, supra, 36 Cal. App.4th 622, held that plaintiffs' legal malpractice action commenced when they settled the underlying lawsuit. (Id., at p. 629.) Hensley v. Caietti, supra, 13 Cal. App.4th 1165, determined that plaintiff incurred actual injury when she agreed to a marital settlement agreement because entering the settlement agreement altered the parties' *1329 legal relationship and created obligations. "The fact that at a later point obligations imposed as a result of a contract become subject to a different means of enforcement, i.e., ... an action on the judgment ... does not delay the injury which is attributable to the imposition of the obligations." (Id., at p. 1176.) Turley v. Wooldridge, supra, 230 Cal. App.3d 586, also held that plaintiff suffered legal injury when she entered a marital settlement agreement. "When [plaintiff] signed the purportedly unfair Agreement on the alleged negligent advice of counsel and thereby rendered it effective, all essential elements of her cause of action for legal malpractice had occurred." (Id., at p. 593.)
Here the Pompilios altered their legal relations with the Levins by agreeing to a settlement during arbitration proceedings. This settlement was set forth in the arbitration award. For the next three years, the Pompilios resisted enforcement of the settlement agreement and sought to set it aside. These efforts did not toll the limitations period. (Turley v. Wooldridge, supra, 230 Cal. App.3d 586, 592 [efforts to set aside an order or judgment do not toll the statute of limitations].)
The "bright-line" rule of Laird is inapplicable here because Laird did not consider a settlement agreement made during binding arbitration. (Hensley v. Caietti, supra, 13 Cal. App.4th 1165, 1174.) Sirott v. Latts, supra, 6 Cal. App.4th 923, also does not assist the Pompilios. Sirott held that plaintiff suffered actual injury upon entry of a judgment confirming an arbitration award that determined plaintiff was not entitled to malpractice insurance coverage. Sirott did not involve a settlement agreement and was decided before ITT Small Business Finance Corp. v. Niles, supra, 9 Cal.4th 245. Sirott did not consider whether the underlying malpractice action had been settled adversely to plaintiff. (ITT Small Business Finance Corp. v. Niles, supra, 9 Cal.4th 245, 258 [legal malpractice action accrues upon entry of adverse judgment, settlement, or dismissal or underlying action].)
It is true that the Pompilios have alleged a cause of action entitled "Breach of Fiduciary Duty." Nevertheless, the allegations of this cause of action concern Skavdahl's acts and omissions while representing the Pompilios and sounds in legal malpractice. The authority upon which the Pompilios rely, David Welch Co. v. Eskine & Tulley, supra, 203 Cal. App.3d 884, 893, applied a four-year limitations period to the plaintiff's action against its attorneys for usurping plaintiff's business after the attorney-client relationship ended. It is not pertinent here. (Contra, Stoll v. Superior Court (1992) 9 Cal. App.4th 1362, 1369 [12 Cal. Rptr.2d 354] [one-year statute of limitations].)
In view of this resolution, it is not necessary to discuss the Pompilios' remaining contentions.
*1330 Accordingly, the judgment is affirmed. The Pompilios shall bear costs on appeal.
Stone (S.J.), P.J., and Yegan, J., concurred.
NOTES
[1] All statutory references are to the Code of Civil Procedure.
[2] We refer to defendants collectively as "Skavdahl," except where clarity demands we draw a distinction.
[3] The trial court took judicial notice of the arbitrator's statement of award. This award stated that "the parties agreed to a settlement that was memorialized by a certified reporter on July 10, 1991, before the Arbitrator with all of the parties present.... Thereafter, the Pompilios failed and refused and continue to refuse to execute the settlement documents submitted to them...."
[4] On May 18, 1995, our Supreme Court granted review in McElroy v. Biddison[*] (Cal. App.) (S045903) concerning the statute of limitations and an unfavorable arbitration award in the underlying action.

[*] Reporter's Note: On January 18, 1996, cause transferred to Court of Appeal, Third Appellate District, with directions to reconsider in light of Adams v. Paul (1995) 11 Cal.4th 583.