Filed 2/26/14  Fopiano v. Stern CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHRIS FOPIANO, | B248444 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC485359) |
| v. | |
| LEONARD STERN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Susan Bryant-Deason, Judge.  Reversed with directions.

DesJardins & Panitz, Michael A. DesJardins for Plaintiff and Appellant.

Jacks & Maybaum, Bradley W. Jacks and Russell W. Clampitt for Defendants and Respondents.

_____

Appellant Chris Fopiano sued respondents Leonard Stern and Steven Barry for legal malpractice in their representation of Fopiano in a workers' compensation case, alleging respondents improperly waived Fopiano's right to seek reasonable disability accommodations from his employer. The trial court sustained respondents' demurrer without leave to amend on the ground that the action was time-barred. We conclude it is not clear on the face of the complaint that Fopiano's claim is time-barred. Accordingly, we reverse.

**Factual Background**

Fopiano appeals from a judgment of dismissal entered after the sustaining of a general demurrer. Accordingly, we assume the truth of facts properly pleaded in the complaint and may consider matters that may be judicially noticed. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.)

Fopiano suffered pulmonary injuries while working for his employer, Eastern Municipal Water District (EMWD). In July 2008, he hired attorneys Stern and Barry to represent him in a workers' compensation case against EMWD. In January 2011, in the course of their representation of Fopiano, respondents waived Fopiano's right to seek reasonable accommodations for his disability, although Fopiano had never discussed this with respondents, and did not know he possessed such a right. Additionally, Stern advised Fopiano that if he did not request early retirement, his employer could force him to retire. On March 14, 2011, Fopiano accepted an award of $69,813.62 for his permanent disability and voluntarily retired.

Soon thereafter, on March 25, 2011, Fopiano filed a pre-complaint questionnaire with California's Department of Fair Employment and Housing (DFEH) to institute a disability discrimination complaint against EMWD. EMWD was afforded an opportunity to respond and denied Fopiano's allegations of disability discrimination. EMWD asserted that Fopiano was not offered reasonable accommodations for his disability because respondents waived his right to seek reasonable accommodations and indicated to EMWD that Fopiano would instead retire.

2

On October 11, 2011, DFEH called Fopiano to review with him EMWD's response. DFEH informed Fopiano that in January 2011, respondents, as part of the settlement of Fopiano's workers' compensation claim, waived his right to seek reasonable disability accommodations.

## Procedural History

Fopiano sued respondents on May 24, 2012, alleging they committed legal malpractice by waiving his right to seek reasonable accommodations from EMWD that would have allowed him to continue working. Respondents demurred, arguing the allegations were insufficient to state a cause of action because they failed to allege when Fopiano learned of respondents' wrongful conduct. The trial court sustained respondents' demurrer with leave to amend. Fopiano filed a second amended complaint, to which respondents again demurred, arguing Fopiano's claim was time-barred because the limitations period commenced when he filed the DFEH pre-complaint questionnaire. Respondents argued Fopiano contacted DFEH because he believed respondents had given him improper advice about his rights against his employer, and therefore knew or reasonably should have known of respondents' wrongful conduct more than a year before he filed his malpractice claim. The trial court sustained the demurrer without leave to amend, finding Fopiano's claim was time-barred because the fact that he filed a DFEH pre-complaint questionnaire demonstrated he knew of respondents' malpractice at least by March 2011, which was more than one year before he filed his complaint. Fopiano timely appealed from the resulting judgment of dismissal.

## Discussion

1. **Standard of Review**

"[W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm."

3

(*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  A demurrer based on expiration of a limitations period will be sustained only where the cause of action appears time-barred on its face.  (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 325.)  "[T]he defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred.  [Citation.]"  (*Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 971-972.)

**2.      The Trial Court Erred in Sustaining Respondents' Demurrer**

The limitations period for legal malpractice is set forth in Code of Civil Procedure section 340.6, which states, in relevant part:  "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . ."  (Code Civ. Proc., § 340.6, subd. (a).)  "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that [his] injury was caused by wrongdoing, that someone has done something wrong to [him]."  (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110.)  The test for discovery "is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation."  (*McGee v. Weinberg* (1979) 97 Cal.App.3d 798, 803.)

The allegations in the second amended complaint did not show Fopiano's claim was time-barred.  Fopiano's complaint alleged Stern erroneously counseled Fopiano to retire and negligently waived his right to seek reasonable accommodations for his disability.  DFEH allegedly informed Fopiano in October 2011 of correspondence between respondents and EMWD in which respondents effected this waiver.  Fopiano filed his complaint less than a year later, in May 2012.  Assuming these allegations are true, as we must (see *Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403), Fopiano discovered respondents' wrongful conduct within the one-year limitations period.

4

Respondents argue Fopiano knew or should have known of the facts supporting his claim of legal malpractice when he filed a DFEH pre-complaint questionnaire in March 2011. They are incorrect. Fopiano's complaint alleged he filed the pre-complaint questionnaire because he believed he had been the victim of disability discrimination by EMWD. Although Fopiano suspected he had a disability discrimination claim against his employer, nothing in the complaint suggested he also should have suspected respondents mishandled his workers' compensation case. Because Fopiano's complaint did not show on its face that he should have discovered respondents' alleged negligence over a year before he filed his malpractice claim, the trial court erred in sustaining respondents' demurrer.

Fopiano's second amended complaint also included a cause of action for breach of fiduciary duty based on the same allegations as his legal malpractice claim. Because his breach of fiduciary duty claim is subject to the same limitations period as his legal malpractice claim (see *Pompilio v. Kosmo, Cho & Brown* (1995) 39 Cal.App.4th 1324, 1329), the same analysis applies and the breach of fiduciary duty cause of action was likewise not time-barred.

**3. The Trial Court Abused Its Discretion in Denying Fopiano Leave to Amend**

Adding to its error, the trial court abused its discretion in denying leave to amend, as there was a reasonable probability Fopiano could have alleged even more facts to affirmatively bring his claim within the applicable limitations period. In opposition to the demurrer Fopiano cites the retainer agreement between himself and respondents. The retainer agreement stated, in pertinent part, that respondents would not pursue any potential discrimination claims on his behalf, and if he wished to pursue such claims he would have to retain another attorney. The trial court sustained respondents' evidentiary objections to the document on the ground that it was not judicially noticeable.

Even if the trial court had correctly sustained respondents' demurrer, at the very least Fopiano should have been granted leave to amend. Although non-judicially noticeable material cannot be considered when determining whether to sustain or overrule a demurrer, that material may be considered when determining whether to grant

leave to amend.  The retainer agreement suggested Fopiano filed the DFEH questionnaire to pursue a separate discrimination claim against his employer.  This supported Fopiano's allegation that he sought assistance from DFEH not because he suspected respondents acted improperly in his workers' compensation claim but because he believed he had an additional and distinct claim against his employer for disability discrimination.  This would have tended to prove he did not know and reasonably should not have known of respondents' negligence more than one year before he filed his complaint.  Leave to amend was thus improperly denied.

### Disposition

The judgment of dismissal is reversed.  The trial court is directed to vacate its order sustaining respondents' demurrer and to enter a new order overruling the demurrer.  Fopiano is awarded costs on appeal.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:


JOHNSON, J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.