[No. B189115. Second Dist., Div. Six. July 3, 2007.]

LAZY ACRES MARKET, INC., et al., Plaintiffs and Appellants, v. JENNIFER TSENG et al., Defendants and Respondents.

**COUNSEL**

Cappello & Noël, A. Berry Cappello and Matthew M. Clarke for Plaintiffs and Appellants.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer and Joel Gluzman for Defendants and Respondents.

## OPINION

**GILBERT, P. J.**—An insurance company agrees to defend its insured in a negligence action without a reservation of rights. The insured hires its own attorney to represent it because it believes the insurance company's attorney has a conflict of interest. The insurance company settles the suit, which is dismissed against the insured. The insured now wishes to recover its attorney fees. Does the insured have a cause of action for malpractice against the insurance company's attorney? No. The insurance company gave the insured a safety net. The insurance company's attorney does not have to pay for a second one. There is no causal relation between the attorney's alleged breach of duty and damages.

We affirm the judgment entered pursuant to the order sustaining the demurrer.

### FACTS

The second amended complaint alleges as follows:

Lazy Acres Market, Inc., hired Premier Protective Services (Premier) to apprehend shoplifters in its market. The contract required Premier to defend and indemnify Lazy Acres Market, Inc., its shareholders and employees (hereinafter collectively Lazy Acres) for any claims arising out of Premier's loss prevention activities. Premier obtained a policy of insurance from Western Heritage Insurance Company (Western Heritage), naming Lazy Acres as an additional insured.

Premier employee, Johnny Lopez, arrested Scott Courts for shoplifting an item from Lazy Acres. Courts sued Premier, Lazy Acres and others, alleging intentional and negligent torts. The complaint demanded punitive as well as compensatory damages.

Western Heritage agreed to defend Lazy Acres. It did not reserve any rights to deny coverage. Instead, "Western Heritage accepted full responsibility to defend and indemnify Lazy Acres pursuant to the insurance policy."

Western Heritage selected Jennifer Tseng to represent Lazy Acres and Premier. On August 7, 2003, Tseng wrote Lazy Acres stating she had been retained to defend it, but Tseng disclosed no actual or potential conflict of interest. Earlier that day, Cappello & Noël, Lazy Acres's personal counsel,

had obtained an extension of time to respond to Courts's complaint. On August 13, 2003, Terrence Bonham wrote to Tseng advising her that he had been retained by Lazy Acres's own insurance carrier to represent Lazy Acres's interest in the suit. Bonham stated that because Western Heritage had accepted defense and indemnity, he would monitor the case.

Tseng represented Lazy Acres, Premier and Lopez in the lawsuit until July of 2004. During this time, Tseng spoke to, advised, and corresponded with all defendants. Bonham monitored the case on behalf of Lazy Acres's carrier, and Cappello & Noël played no role in the litigation.

Tseng failed to assert defenses that would benefit Lazy Acres; she failed to advise Lazy Acres of her conflict of interest in representing Lazy Acres and Premier; and she failed to advise Lazy Acres that Lazy Acres could be entitled to have Western Heritage assign independent, conflict-free counsel at Western Heritage's expense.

In July of 2004, Lazy Acres contacted Cappello & Noël regarding the status of the Courts case. Cappello & Noël advised Lazy Acres that Tseng had an actual, or at least potential, conflict of interest in representing both Premier and Lazy Acres. Cappello & Noël told Tseng they were replacing her as Lazy Acres's counsel.

By the time Cappello & Noël began representing Lazy Acres in July of 2004, crucial trial deadlines were looming. Lazy Acres requested documents retained by Tseng. Tseng responded only after repeated phone calls and letters. She refused to allow her former clients to remove the legal file from her office. Instead, she required Lazy Acres to come to her office to copy the file. This prejudiced Lazy Acres in its ability to prepare for trial.

Lazy Acres requested Tseng to recuse herself from representing Premier because of a continuing conflict of interest. Tseng refused, and Lazy Acres moved to disqualify her. Tseng submitted opposition and the trial court denied the motion. Nevertheless, Tseng called Cappello & Noël the next day and acknowledged a conflict of interest existed, and expressed the view that the trial court was wrong in denying the motion. Tseng resigned from the case, and Western Heritage appointed new counsel for Premier and Lopez.

Lazy Acres was forced to pay for its own defense beginning in July of 2004. Western Heritage did not respond to Lazy Acres's requests for payment of its fees and costs.

Trial began on January 18, 2005. Prior to a jury being impaneled, Western Heritage paid $100,000 to Courts to settle the case. The Lazy Acres defendants were all dismissed with prejudice without paying anything to Courts.

As a proximate result of Tseng's breach of fiduciary duty, Lazy Acres suffered damages in an amount in excess of $500,000 in attorney fees, expert witness fees, monetary sanctions and costs.

## DISCUSSION

### I

A demurrer tests the sufficiency of a pleading. (*Postley v. Harvey* (1984) 153 Cal.App.3d 280, 286 [200 Cal.Rptr. 354].) Because it raises only a question of law, our review is de novo. (Code Civ. Proc., § 589; *Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1420 [13 Cal.Rptr.3d 766].) All facts pleaded in the complaint must be deemed true. (*Holland v. Thacher* (1988) 199 Cal.App.3d 924, 928 [245 Cal.Rptr. 247].) We do not assume the truth of contentions, deductions or conclusions of fact or law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) If it appears the plaintiff is entitled to any relief, the complaint will be held good. (*Chase Chemical Co. v. Hartford Accident & Indemnity Co.* (1984) 159 Cal.App.3d 229, 242 [205 Cal.Rptr. 469].)

### II

Lazy Acres contends the second amended complaint states causes of action against Tseng for legal malpractice and breach of fiduciary duty.

In this case, the elements of these causes of action are the same: the duty to use such skill as members of the legal profession commonly possess and exercise; a breach of that duty; damages; and a proximate causal relationship between the breach and damages. (Citing *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199 [108 Cal.Rptr.2d 471, 25 P.3d 670]; *Pompilio v. Kosmo, Cho & Brown* (1995) 39 Cal.App.4th 1324, 1329 [46 Cal.Rptr.2d 409].)

Lazy Acres therefore argues that at the outset of the Courts action, Tseng was required to advise Lazy Acres of any potential and actual conflicts of interest, and obtain written waivers. (Citing Rules Prof. Conduct, rule 3-310(B) & (C).) It claims her failure to do so was a breach of duty per se.

■ But assuming, without deciding, that Tseng breached such a duty, the complaint fails to state facts sufficient to show the breach proximately caused any damages. The damages Lazy Acres alleges is an expenditure for attorney fees and costs in defending itself. But the complaint alleges Western Heritage, not Tseng, had a duty to pay fees and costs in defending the action.

Nor does the complaint allege facts to show that anything Tseng did, or failed to do, influenced Western Heritage's decision not to pay Lazy Acres's attorney fees. The complaint alleges that Western Heritage refused to pay Lazy Acres's fees, even after Tseng declared a conflict. It is pure speculation to say the outcome would have been any different, had Tseng declared a conflict at the beginning of the case.

Moreover, the complaint alleges that Western Heritage paid Courts $100,000 and obtained a dismissal against all Lazy Acres defendants. Lazy Acres paid nothing to Courts. The complaint alleges no facts that show any different result would have been obtained, no matter what Tseng did or failed to do.

■ A plaintiff alleging legal malpractice in the defense of a lawsuit must prove that, but for the negligence of the attorney, a better result could have been obtained in the underlying action. (*Orrick Herrington & Sutcliffe v. Superior Court* (2003) 107 Cal.App.4th 1052, 1057 [132 Cal.Rptr.2d 658] (*Orrick*).)

In *Orrick*, *supra*, 107 Cal.App.4th 1052, plaintiff entered into a marital settlement agreement on the advice of Orrick. Later, plaintiff spent hundreds of thousands of dollars with other attorneys in a futile attempt to set the agreement aside. Plaintiff sued Orrick alleging as damages the attorney fees he spent to remedy Orrick's errors. Orrick moved for summary judgment. In opposition, plaintiff submitted an affidavit of an expert stating that Orrick's conduct fell below the pertinent standard of care. The trial court denied Orrick's motion for summary judgment. The Court of Appeal issued a writ of mandate requiring the trial court to vacate its order. The court stated: "[Plaintiff] produced no evidence showing his ex-wife would have settled for less than she did, or that following a trial, he would have obtained a judgment more favorable than the settlement. [Fn. omitted.] [Plaintiff] also proffered no evidence showing his ex-wife would have agreed to a settlement that included the terms he claims were omitted. Instead he showed only that Orrick might have erred, exposing him to possible future claims. 'The mere breach of a professional duty, causing only nominal damages, speculative

harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence.' [Citations.]" (*Id.* at p. 1058, quoting *Budd v. Nixen* (1971) 6 Cal.3d 195, 200 [98 Cal.Rptr. 849, 491 P.2d 433].)

Here the complaint alleges no facts to show that Lazy Acres would have achieved a better result in the underlying action but for Tseng's alleged breach of duty. In fact, the complaint admits the matter was settled without contribution by Lazy Acres when Western Heritage paid Courts $100,000. The complaint does not suggest how Lazy Acres could have achieved a better result than that but for Tseng's breach of duty.

Lazy Acres's reliance on *Budd v. Nixen, supra,* 6 Cal.3d 195, is misplaced. Budd sued Nixen for legal malpractice. Nixen, claiming the cause of action accrued on the date of his negligent conduct, argued that the action was barred by limitations. Our Supreme Court held that a cause of action for legal malpractice does not begin to run until plaintiff suffers appreciable harm as a result of his attorney's negligence. (*Id.* at pp. 200–201.) In so holding, the court stated plaintiff "would have had a viable claim, as tort damages, for the fees he paid Deissler, his second attorney, to the extent that such fees compensated that attorney for his efforts to extricate plaintiff from the effect of defendant's negligence. [Citation.]" (*Id.* at p. 202.)

*Budd* stands only for the proposition that the statute of limitations may begin to run when the defendant's negligence causes plaintiff to incur attorney fees. It does not stand for the proposition that defendant will be entitled to damages in every instance where he retains a different attorney to extricate him from some perceived negligence of the defendant.

Lazy Acres's reliance on *Prentice v. North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 621 [30 Cal.Rptr. 821, 381 P.2d 645], is also misplaced. There, negligence of an escrow holder made it necessary for a vendor of land to bring a quiet title action against a third party. Our Supreme Court held that the vendor's attorney fees incurred in prosecuting such an action are recoverable as an item of damages in an action against the escrow holder. Here none of Tseng's alleged errors required Lazy Acres to bring an action against a third party. (See *Orrick, supra,* 107 Cal.App.4th at p. 1060, distinguishing *Prentice* ["[n]othing compelled [plaintiff] to spend hundreds of thousands of dollars in his futile attempt to overturn the settlement"].)

Lazy Acres requests that if we conclude the demurrer was properly sustained, we remand the matter to allow it to amend its complaint. But Lazy Acres makes no attempt to show how its complaint can be amended to state a valid cause of action. We decline its request. (See *Palm Springs Tennis Club v. Rangel* (1999) 73 Cal.App.4th 1, 7–8 [86 Cal.Rptr.2d 73] [plaintiff has burden to show in what manner he can amend his complaint].)

The judgment is affirmed. Costs are awarded to respondents.

Yegan, J., and Coffee, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 10, 2007, S155403.