[No. E043334. Fourth Dist., Div. Two. Jan. 5, 2009.]

FREDERIC ELTON STEARN, Plaintiff and Appellant, v.
COUNTY OF SAN BERNARDINO et al., Defendants and Respondents;
GENERAL OUTDOOR ADVERTISING, Real Party in Interest and
Respondent.

---

Counsel

Sabine and Morrison and Randal R. Morrison for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Gary S. Mobley for Real Party in Interest and Respondent.

---

Opinion

RAMIREZ, P. J.—Plaintiff and Appellant Frederic Elton Stearn (Appellant) appeals from a judgment of dismissal entered after the trial court sustained the demurrer of real party in interest and respondent General Outdoor Advertising (Outdoor) to Appellant's first amended complaint and petition (Complaint and Petition). Appellant challenged approval by the Board of Supervisors of San Bernardino County (Board or County) of 14 conditional use permits sought by Outdoor to erect billboards in desert areas along Interstates 15 and 40. Appellant also challenged the Board's rezoning of the corresponding parcels of land to commercial and business uses, which rezoning Appellant alleged was done for the sole purpose of allowing the County to permit Outdoor to erect the billboards, in violation of state and federal law.

Appellant here challenges only the dismissal of its fourth cause of action for administrative mandamus under Code of Civil Procedure section 1094.5.[1] Appellant contends the trial court erred when it ruled that the cause of action was barred by the 21-day statute of limitations found in section 1094.8, which applies to proceedings regarding permits for "expressive conduct protected by the First Amendment to the United States Constitution." As discussed below, we conclude that the trial court erred in dismissing the fourth cause of action. This is because the expedited judicial review provided by section 1094.8 is available only when the license applicant or the issuing public agency files an action challenging the grant or denial of a license for expressive conduct, not when a third party does so. In addition, we disagree with Outdoor's main alternate ground for dismissal, that Appellant must wait to challenge the Board's rezoning actions and permitting of the billboards as

---

[1] All further references are to the Code of Civil Procedure unless otherwise indicated.

violations of California's Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.; Act) until after Outdoor obtains the necessary permits from the California Department of Transportation (CalTrans).

### STATEMENT OF FACTS

On September 12, 2006, the Board approved 14 conditional use permits (CUP's) allowing Outdoor to erect a series of billboards in three desert areas of the County adjacent to Interstates 15 and 40. At the same public meeting the Board also adopted several amendments to its general plan that included rezoning these areas to "highway commercial." This rezoning was necessary to allow the Board to approve the CUP's. Appellant appeared at this public hearing to oppose the CUP's. Appellant alleges in the Complaint and Petition that he is a resident of Newberry Springs, an unincorporated community located within the County, and that he brings this action on behalf of the public interest in protecting the scenic vistas along public highways, to prevent visual pollution from billboards, and to vindicate the goals, letter and spirit of the federal Highway Beautification Act and the Act.

On October 11, 2006, Appellant filed suit to challenge the CUP's and rezoning approvals. The initial complaint purported to state causes of action for declaratory relief, injunctive relief and violation of the Act. On October 31, 2006, Appellant filed a first amended Complaint and Petition, in which he added causes of action for traditional mandate and administrative mandamus. Appellant also added the allegation that he is the owner of real property in the vicinity of some of the proposed billboards and will be adversely affected if the billboards are constructed.

The main basis for the Complaint and Petition is that the County issued the CUP's only after rezoning the land upon which Outdoor wanted to place its billboards, and that the rezoning took place for the sole purpose of allowing the billboards to be placed upon the land, in violation of state and federal law, as set forth in *United Outdoor Advertising Co. v. Business, Transportation & Housing Agency* (1988) 44 Cal.3d 242 [242 Cal.Rptr. 738, 746 P.2d 877] (*United Outdoor Advertising*). "[T]he zoning must have independent validity. Action that is not part of comprehensive zoning and is intended primarily to permit outdoor advertising structures is not recognized for outdoor advertising control purposes. [Citation.]" (*Id.* at p. 248.) Appellant alleged that the County violated the Act, including Business and Professions Code section

5405, "by adopting 'phony zoning' for the purpose of allowing billboards" in areas not otherwise compatible with billboards. This is because, Appellant alleged, the desert areas at issue are not "business areas" as defined in Business and Professions Code section 5205[2] and *United Outdoor Advertising*; that is, they are not "traditional commercial and industrial zones, in which such uses predominate."

On December 4, 2006, Outdoor filed a demurrer to the Complaint and Petition. After briefing by all parties, the trial court held a hearing on the demurrer on March 15, 2007. At the conclusion of the hearing, the trial court sustained the demurrer to the first three causes of action because they challenged a government agency's discretionary land use decisions, which are reviewable only by administrative mandate under section 1094.5.

The trial court also found that the fourth cause of action for administrative mandate was barred by the 21-day statute of limitations found in section 1094.8: "Despite the fact that no message has been placed on the proposed billboards, the billboards will be used to express free speech. To deny billboards is to restrict speech. [Citation.] [¶] The court finds that the expedited procedure afforded by section 1094.8 applies to this case since First Amendment protections are involved here."

This appeal followed.

DISCUSSION

### 1. *Standard of Review*

On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo: we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. (*Holcomb v. Wells Fargo Bank, N.A.* (2007) 155 Cal.App.4th 490, 495 [66 Cal.Rptr.3d 142].) First, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. Next, we treat the demurrer as admitting all material facts properly pleaded. Then we determine whether the complaint states facts sufficient to constitute a cause of action.

---

[2] " 'Business area' means an area within 1,000 feet, measured in each direction, from the nearest edge of a commercial or industrial building or activity and which is zoned under authority of state law *primarily* to permit industrial or commercial activities or an unzoned commercial or industrial area." (Bus. & Prof. Code, § 5205, italics added.)

(*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 [62 Cal.Rptr.3d 614, 161 P.3d 1168], citing *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].)

We do not, however, assume the truth of contentions, deductions, or conclusions of law. (*Lazy Acres Market, Inc. v. Tseng* (2007) 152 Cal.App.4th 1431, 1435 [62 Cal.Rptr.3d 378].) If a complaint is insufficient on any ground specified in a demurrer, the order sustaining the demurrer must be upheld even though the particular ground upon which the court sustained it may be untenable. (*Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 426 [8 Cal.Rptr.2d 869].)

### 2. *Applicability of Section 1094.8*

■ By its terms, section 1094.8 requires that "an action or proceeding to review the issuance, revocation, suspension or denial of a permit or other entitlement for expressive conduct protected by the First Amendment to the United States Constitution shall be conducted in accordance with" its provisions. If the party bringing the action is the permit applicant, the action must be in the form of a petition for writ of mandate. (§ 1094.8, subd. (d)(2).) In any case, the action must be filed within 21 days after the public agency's final decision on the permit. (§ 1094.8, subd. (d)(3).) The public agency must make available the administrative record within five court days following receipt of the written notice of appeal. (§ 1094.8, subd. (d)(1).) The trial court must set the hearing on the petition to be held within 25 calendar days after filing. (§ 1094.8, subd. (d)(4).) The court must render its decision no later than 20 calendar days after submission, or 50 calendar days after filing, whichever is earlier. (§ 1094.8, subd. (d)(5).) If other court business makes the court unable to meet the deadlines, the presiding judge shall request temporary assignment of a judicial officer to hear the matter. (§ 1094.8, subd. (e).) The parties may jointly waive these time limits. (§ 1094.8, subd. (f).)

Section 1094.8, subdivision (d)(2) clearly states that "Either the public agency or the permit applicant may bring an action in accordance with the procedure set forth in this section." Appellant is neither.

Further, the legislative history of section 1094.8 makes it clear that the Legislature enacted it to: (1) provide constitutionally required procedural

safeguards, i.e., prompt judicial review, for license or permit applicants whose application for expressive conduct is denied by a public agency; and (2) provide prompt judicial review and confirmation for public agencies that deny such a permit.[3] There is no mention whatsoever in the legislative history about providing prompt judicial review of third party challenges.

■ The Legislature enacted section 1094.8 in 1999 as urgency legislation, in response to the Ninth Circuit's decision in *Baby Tam & Co., Inc. v. City of Las Vegas* (9th Cir. 1998) 154 F.3d 1097 (*Baby Tam I*).[4] (Sen. Bill No. 1165 (1999–2000 Reg. Sess.) § 2.) The court in *Baby Tam I* ordered the trial court to enjoin the City of Las Vegas from enforcing its business licensing scheme for adult bookstores. The court explained that "[a] prior restraint exists when the enjoyment of protected expression is contingent upon the approval of government officials" and that the licensing scheme was thus a prior restraint. (*Baby Tam I, supra,* at p. 1100.) Further, "A licensing scheme involving a prior restraint must also provide an avenue for prompt judicial review in the event a license is denied. [Citation.]" (*Id.* at p. 1101.) The court found that the Las Vegas licensing and zoning ordinance violated this "prompt judicial review" requirement because, under Nevada's civil procedure laws: (1) a hearing on a mandamus petition challenging a license denial need only be held at the discretion of the trial judge; and (2) there was no deadline for the court to issue a decision.

The City of San Jose sponsored Senate Bill No. 1165 (1999–2000 Reg. Sess.). In a written statement to the Senate Judiciary Committee, San Jose explained the need for the legislation: " 'Existing law provides for judicial review of decisions by a local agency concerning the issuance, revocation, suspension or denial of a business permit. Recently, a court held that prompt judicial review for denials of permits involving expressive activity is required under the First Amendment. The San Jose Municipal Code contains permitting requirements which may involve the regulation of expressive activity. The city, however, cannot by its local ordinance compel a court to review the denial of these permits in an expedited way. S[enate] B[ill No.] 1165 is

---

[3] The Ninth Circuit has since clarified that this provision providing for prompt judicial confirmation of a public agency's denial of a permit for expressive conduct is no longer necessary. (*Baby Tam & Co., Inc. v. City of Las Vegas* (9th Cir. 2001) 247 F.3d 1003, 1008 (*Baby Tam II*).) See discussion below.

[4] "In order for a judicial action or proceeding reviewing the issuance, revocation, suspension, or denial of a permit or other entitlement for expressive conduct protected by the First Amendment to the United States Constitution to proceed to hearing and have a decision rendered in an expeditious manner consistent with constitutional requirements in view of the holding in Baby Tam [I] v. City of Las Vegas (1998) 154 F.3d 1097, it is necessary that this act take effect immediately." (Sen. Bill No. 1165 (1999–2000 Reg. Sess.) § 2.)

needed to amend the Code of Civil Procedure to allow expedited judicial review of a city's decisions to deny, revoke or suspend permits involving expressive activity protected by the First Amendment.' " (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1165 (1999–2000 Reg. Sess.) as amended Apr. 5, 1999.)

Thus, the California Legislature enacted section 1094.8 to comply with the *Baby Tam I* directive that, when a licensing scheme constitutes a prior restraint, the applicant must be afforded prompt judicial review and decision.

The initial version of Senate Bill No. 1165 (1999–2000 Reg. Sess.) included a provision stating that if the public agency brings the action, it must be in the form of "a petition for review of the public agency's decision with respect to the permit and for a determination that no writ of mandate [sought by the permit applicant] . . . shall be issued by the court." (Sen. Bill No. 1165 (1999–2000 Reg. Sess.) as introduced Feb. 26, 1999.) That provision was deleted when the bill was first amended on April 5, 1999. However, the language now found in section 1094.8, subdivision (d)(2) specifying that either the applicant or the public agency may bring an action using this expedited procedure, and directing the applicant to bring its action via petition for writ of mandate, was part of the bill at its inception. (See Sen. Bill No. 1165 (1999–2000 Reg. Sess.) as introduced Feb. 26, 1999.)

The reason for providing prompt judicial review for the public agency as well as the applicant is that, at the time Senate Bill No. 1165 (1999–2000 Reg. Sess.) was enacted, the law was unclear as to whether a public agency has the burden to seek judicial validation when it denies a permit for expressive conduct. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1165 (1999–2000 Reg. Sess.) as amended May 6, 1999.)[5] The Ninth Circuit has since explained that, where the public agency " 'does not exercise discretion by passing judgment on the content of any protected speech,' and the businesses subject to license are not 'likely to be deterred from challenging the decision to suppress the speech,' " the burden to seek judicial review of a license denial does not lie with the public agency. (*Baby Tam II, supra*, 247 F.3d at p. 1008.)

---

[5] A licensing scheme involving a prior restraint must provide both a reasonable timeframe for the public agency to issue or deny a license and prompt judicial review if the license is denied, as set forth in *Freedman v. Maryland* (1965) 380 U.S. 51, 58 [13 L.Ed.2d 649, 85 S.Ct. 734]. (*Baby Tam I, supra*, 154 F.3d at p. 1101.) "The *Freedman* Court also set forth a third procedural safeguard that required the licensor to bear the burden of going to court and justifying a license denial. [Citation.] The current status of this third safeguard is unclear. Justice O'Connor's plurality opinion in *FW/PBS[, Inc. v. Dallas* (1990) 493 U.S. 215 [107 L.Ed.2d 603, 110 S.Ct. 596]] dispensed with the requirement in the context of business licensing schemes. [Citation.] However, because only Justices Stevens and Kennedy concurred on this point, *FW/PBS* did not overrule *Freedman*." (*Ibid.*)

Here, Appellant's action does not challenge the denial of a license to Outdoor. Neither is Appellant involved in any government action imposing a prior restraint on Outdoor's protected expressive activity. He is not a public agency imposing a prior restraint on Outdoor. Rather, Appellant seeks to have a court determine whether the County complied with the Act and federal law when it rezoned the areas at issue and then issued the CUP's.

*Baby Tam I* does not require that actions filed by third parties challenging the issuance or denial of a permit for expressive conduct receive expedited review and decision. And, because the purpose of section 1094.8 is to fulfill the requirements set forth in *Baby Tam I*, there is simply no rationale for imposing the 21-day filing requirement on third parties such as Appellant. The Legislature enacted section 1094.8 to satisfy the constitutional requirement of prompt judicial review of legislative prior restraint, that is, prior restraint imposed by a public agency. Appellant is not a public agency charged with granting or denying a permit for Outdoor to engage in expressive conduct. Therefore, Appellant neither derives benefit from the expedited process nor is subject to its statute of limitations.

■ We acknowledge that the effect of Appellant's action may be to postpone or ultimately prevent Outdoor from engaging in expressive activity. However, Appellant does not do so as a public agency under a licensing or permit scheme regulating such activity. Rather, Appellant has his own interests to protect, whether they stem from business, personal, environmental or other motivations.[6] Today we hold that, because Appellant is not the public agency imposing the prior restraint: (1) he is entitled to act on his interests without complying with the procedures set forth in section 1094.8; and (2) Outdoor is not entitled to the prompt judicial review that those procedures provide.

### 3. *Outdoor's Other Grounds for Demurrer*

Finally, we review one of Outdoor's other grounds for dismissal set forth in its demurrer that we find to have arguable merit. Outdoor contended in its demurrer that the main legal basis for the Complaint and Petition, that the billboards would violate the Act and related federal law, was not an issue properly before the Board.

---

[6] Appellant asserts in the first amended complaint that "He brings this action on behalf of the public interest in protecting the scenic vistas along public highways, to prevent visual pollution from billboards, and to vindicate the goals, letter and spirit of the federal Highway Beautification Act and the California State Outdoor Advertising Act, and to prevent visual pollution by billboards of land which he owns in San Bernardino County."

Specifically, Outdoor argues that the local and state billboard permitting processes are separate from and independent of one another. In the local permitting process, the applicant first obtains a permit from the city or county certifying that the billboard complies with local land use and zoning regulations. In the state permitting process, CalTrans certifies that the billboard complies with all the requirements of the Act. (Bus. & Prof. Code, § 5358.) In other words, Outdoor argued in its demurrer, and here in this appeal, the County had no power or need to determine whether the billboards comply with the Act, because the Board's only function is to determine whether the billboards conform to local zoning and land use laws.

■ However, as Appellant counters, CalTrans's authority to enforce the Act, which was enacted to comply with the federal Highway Beautification Act of 1965 (23 U.S.C. § 131), is not exclusive. The first sentence of Business and Professions Code section 5230 authorizes local agencies to impose restrictions or requirements that are equal to or greater than those imposed by the Act, in addition to their traditional land use and zoning authority. The second sentence explicitly prohibits local agencies from allowing billboards to be placed or maintained if they violate the Act. "The governing body of any city, county, or city and county may enact ordinances, including, but not limited to, land use or zoning ordinances, imposing restrictions on advertising displays adjacent to any street, road, or highway equal to or greater than those imposed by this chapter, if [Business and Professions Code, s]ection 5412 [concerning just compensation] is complied with. No city, county, or city and county may allow an advertising display to be placed or maintained in violation of this chapter." (Bus. & Prof. Code, § 5230.)

Thus, Appellant argues, the County is both empowered and required to determine whether the billboards comply with the Act.

Appellant also points out that California has long used concurrent jurisdiction between the state and local agencies to regulate billboards, citing *People ex rel. Dept. of Transportation v. Outdoor Media Group* (1993) 13 Cal.App.4th 1067 [17 Cal.Rptr.2d 19]. We also consider *Viacom Outdoor, Inc. v. City of Arcata* (2006) 140 Cal.App.4th 230 [44 Cal.Rptr.3d 300]. In that case, the appellate court expressly rejected the contention that the Act preempts the field of regulation of billboards in California, leaving local agencies with only zoning powers to regulate the location and placement of billboards. Instead, the court stressed that the state and local agencies have long shared the power and responsibility to regulate outdoor advertising. (*Viacom*, at pp. 237–239.)

In *United Outdoor Advertising, supra,* 44 Cal.3d 242, the plaintiff was the billboard company that challenged the state's determination that the county's "site approval"[7] of the billboards was done in violation of state and federal law because the land was not properly zoned a business area under Business and Professions Code section 5205. Here, Appellant is the plaintiff challenging both the County's issuance of the CUP's (equivalent to the "site approvals" in *United Outdoor Advertising*) and its zoning actions in the areas to allow it to issue the CUP's.

In an administrative mandamus action, the superior court reviews the administrative record of the respondent agency's decisionmaking and decides whether there was a prejudicial abuse of discretion. "Abuse of discretion is established if the respondent has not proceeded in the manner required by law . . . ." (§ 1094.5, subd. (b).) Here, Appellant alleged, and asked the superior court to rule, that the County did not proceed in the manner required by law[8] because it took the zoning actions primarily to allow it to issue the CUP's for the billboards, and issued the CUP's in areas improperly zoned, i.e., engaged in "phony zoning." Thus, administrative mandate is the proper vehicle for challenging the County's zoning and CUP decisions. We are not convinced that any purpose would be served by requiring Appellant to wait to raise these issues later in the permitting process. This is because, as a matter of judicial economy, we believe that the legality of the County's actions is better determined sooner than later, and Outdoor has provided no grounds upon which to conclude otherwise.

We acknowledge that CalTrans is the designated state agency responsible for administering and enforcing the Act. (Bus. & Prof. Code, §§ 5250,[9] 5254.[10]) However, Outdoor has not pointed to any legal authority, and we are aware of none, that gives this authority to CalTrans exclusive of local government. In fact, Business and Professions Code section 5230 directly contradicts this. Further, Appellant challenges the County's acts themselves as violating both the Act and federal law, rather than just alleging that the billboards violate the Act. Thus, Appellant properly brought these issues in its petition for administrative mandamus.

---

[7] The court in *United Outdoor Advertising* characterized the "site approval" as being equivalent to issuance of a CUP. (*United Outdoor Advertising, supra,* 44 Cal.3d at p. 246.)

[8] Specifically, Business and Professions Code section 5205, which defines a "business area" as one "zoned under authority of state law *primarily* to permit industrial or commercial activities," (italics added) and *United Outdoor Advertising,* which discusses the practice of "phony zoning."

[9] "The director may make orders and regulations for the enforcement of this chapter and may authorize the Department of Transportation to enforce its provisions." (Bus. & Prof. Code, § 5250.)

[10] "The director may enforce the penalties for failure to comply with the provisions of this chapter." (Bus. & Prof. Code, § 5254.)

## Disposition

The judgment of dismissal as to the fourth cause of action for administrative mandamus is reversed. Appellant shall recover his costs on appeal.

Gaut, J., and King, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied April 15, 2009, S170565.