Filed 4/29/15  Roldan v. Roldan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ARIEL ROLDAN et al., | |
| Plaintiffs and Appellants, | E058825 |
| v. | (Super.Ct.No. CIVBS1200038) |
| FERNANDO ROLDAN et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Kirtland L. Mahlum, Temporary Judge.  (Pursuant to Cal. Const., art VI, §21.)  Affirmed.

Ariel Roldan and Katiuska M. Roldan, in pro. per., for Plaintiffs and Appellants.

Caldwell, Kennedy & Porter and Rose C. Rosado, for Defendants and Respondents.

Plaintiffs Ariel and Katiuska M. Roldan (Plaintiffs) appeal the grant of the Respondents Fernando and Concepcion Roldan's (Respondents) demurrer to their second amended complaint.  In 1991, Plaintiffs and Respondents purchased a duplex located at 805/807 E. Fredericks in Barstow (Property).  They were each responsible for the

1

mortgage on the Property. Plaintiffs claimed that in 1998, they orally agreed that Respondents would pay the entire mortgage. After the Property was paid off, Respondents would obtain a new loan and buy out Plaintiffs' interest in the Property. Despite paying off the loan on the Property in 2009, Respondents never paid any money to Plaintiffs.

Plaintiffs filed suit against Respondents for the causes of action of breach of contract, fraud and intentional misrepresentation, and fraud in the inducement. Respondents demurred to the suit claiming that the same issues had been resolved in a prior small claims court action which rendered all of Plaintiffs' claims res judicata; since there was only an oral agreement that Respondents would buy out Plaintiffs' interest in the Property, the statute of frauds applied to the breach of contract action; and the statute of limitations for each of the causes of action barred recovery in this case. The trial court agreed and granted the demurrer without leave to amend.

Plaintiffs contend on appeal that the trial court erred by granting Respondents' demurrer on the following grounds: (1) the trial court wrongly applied the statute of limitations; (2) res judicata did not apply; (3) "demurrer basis is to acquire justice"; (4) the proceedings were wrongful and Respondents' counsel was given preferential treatment; (5) fraud; and (6) Respondents have no excuse for not paying back the money they owed Plaintiffs. Plaintiffs request that this court vacate the demurrer, strike the small claims judgment and award damages to Plaintiffs against Respondents, Respondents' attorney and the commissioner who heard the matter.

We affirm the trial court's order.

2

I

FACTUAL AND PROCEDURAL BACKGROUND

"When considering an appeal from a judgment entered after the trial court sustained a demurrer without leave to amend, we 'accept as true all well-pleaded facts in the complaint and give a reasonable construction to the complaint as a whole.' [Citations.] In addition, we may consider matters that are properly the subject of judicial notice, and were considered by the trial court. [Citation.]" (*La Serena Properties, LLC v. Weisbach* (2010) 186 Cal.App.4th 893, 897.) The factual and procedural background is derived from the second amended complaint (SAC), the demurrer to the SAC and the matters to which the trial court took judicial notice.[1]

A.      *Dismissal of First Amended Complaint (FAC)*

Plaintiffs filed a FAC on April 19, 2012.[2] They alleged causes of action for breach of contract, fraud and intentional misrepresentation. Respondents filed their demurrer to the FAC on August 15, 2012. Respondents claimed that the issues raised in the FAC were res judicata because they had already been resolved against Plaintiffs in a prior small claims court case (No. SMCBS 1000135). The small claims court found in favor of Respondents on October 8, 2010 and Plaintiffs never appealed the decision. Respondents requested that the court take judicial notice of four exhibits. This included

---

[1]      We note that Plaintiffs in their brief have drawn some of the facts from exhibits attached to the first amended complaint (FAC). The trial court did not take judicial notice of the exhibits filed by Plaintiffs and the FAC was dismissed. We will disregard any facts drawn from these sources.

[2]      Plaintiffs filed their original complaint on January 25, 2012. No response was filed and the FAC was filed.

an original petition filed in the small claims court by Plaintiffs, the amended petition filed in the small claims court case by Plaintiffs, the counterclaim filed by Respondents and the judgment.

Plaintiffs filed their opposition denying that the issues were res judicata. Respondents responded and Plaintiff filed a declaration along with several exhibits.

The demurrer was heard on October 10, 2012. The trial court noted that it was difficult to decide the demurrer because the issues were incomprehensible and uncertain. The trial court took judicial notice of Respondents' documents. The trial court gave Plaintiffs another opportunity to file a comprehensible complaint. The trial court stated, "This is incomprehensible. I don't have a clue what you're talking about." Plaintiffs were given 30 days to file an amended complaint.

B.    *SAC*

On November 8, 2012, Plaintiffs filed a SAC. Their first cause of action was for breach of contract. They alleged that on October 26, "2008,"[3] they entered into an oral agreement with Respondents in which Respondents agreed to pay the entire mortgage on the Property. Once the Property was paid off, Respondents would obtain a loan in their names and pay back money owed to Plaintiffs that had been invested in the Property. Plaintiffs alleged that Respondents paid off the loan on August 31, 2008. They alleged "[t]his oral contract is valid since it last less than one year, and it has mutual assent and consideration." Respondents had refused to perform in good faith as they had refused to

---

[3]    Plaintiffs clearly meant 1998.

4

pay back the money that they owed to Plaintiffs. Plaintiffs alleged they were owed $165,345.23. As an exhibit to the SAC, Plaintiffs attached a worksheet of how they reached this figure.

A second cause of action was included for fraudulent inducement. Plaintiffs agreed to allow Respondents to buy the Property with them as joint tenants when their aunt, who owned the Property, died in February 1991. Plaintiffs alleged that Respondents wanted to buy the house because they claimed that Concepcion was pregnant and her dream was to buy a house. Plaintiffs attached a declaration that Respondents lied about the pregnancy and that Concepcion could not get pregnant. Respondents also lied to Plaintiffs claiming they had not rented out one of the duplexes.

A third cause of action was alleged for breach of trust. Plaintiffs alleged that on or about August 1998, Plaintiffs and Respondents entered into an agreement that Respondents would rent out one of the duplexes and keep 10 percent of the rent and take care of the mortgage payments. Respondents rented the duplex but never gave any of the rent money to Plaintiffs. Due to this failure to pay any rent to Plaintiffs, they filed the suit in small claims court. Plaintiffs alleged that the "truth came out" at the small claims court hearing and it was discovered that Respondents were renting one of the duplexes but claiming they were paying the mortgage on the Property from their own pockets. Plaintiffs provided a notice of entry of judgment on the small claims action. Plaintiffs also provided a declaration from their daughter. She claimed that in 2007, Fernando had advised Ariel that one duplex was damaged and that it could not be rented. Ariel

5

demanded to inspect the apartment. A man was in the apartment along with a woman and some children.

The fourth cause of action was for fraud and intentional misrepresentation. Plaintiffs alleged there was an agreement that whoever occupied the three-bedroom apartment in the duplex would pay 60 percent of the mortgage. Respondents stayed in the three-bedroom apartment but never paid the higher percentage of the mortgage. Plaintiffs never abandoned the Property or their financial obligations. Plaintiffs also made a confusing argument about payment received by Respondents on the homeowner's policy. Finally, Plaintiffs alleged that in May 1995, Plaintiffs entered into an agreement with Respondents that they would wait until the loan on the Property was paid in full and then Respondents would pay back to Plaintiffs all the money they paid on the Property, the same claim as the breach of contract claim. Plaintiffs alleged that each year, they renewed this buy-out agreement.

C.    *Demurrer to the SAC*

Respondents filed their demurrer on December 10, 2012. They demurred to all of the causes of action on the grounds that the claims were barred by the doctrine of res judicata; the claims failed to state facts sufficient to constitute a cause of action; the SAC was uncertain and ambiguous; and the SAC was time barred.

Respondents provided their own statement of facts. In 1991, Plaintiffs and Respondents acquired the Property. In 1998, Plaintiffs abandoned the Property and refused to make any further mortgage payments. Plaintiffs advised Respondents they could not afford the payments and asked Respondents to assume the loan and all other

6

financial responsibilities on the Property. Plaintiffs agreed to sign over their interest in the Property but never executed the documents. When Plaintiffs moved out, there was extensive water damage to the apartment that they were occupying and had to be fixed by Respondents.

Starting in 1999, Respondents paid everything on the Property. The Property was paid off in August 2009. On January 28, 2009, Plaintiffs sent a demand letter to Respondents for $65,000 which they claimed was their interest in the Property.

On June 25, 2010, Plaintiffs filed their small claims action. Plaintiffs alleged that they were owed rent on the Property for the years 2007 through 2009 in the amount of $21,400 but they were only seeking $7,499. Respondents filed a counterclaim alleging that Plaintiffs had breached their contract when they abandoned the Property and refused to pay the mortgage between 1999 and 2009. Judgment was entered on October 8, 2010 in favor of Respondents although no money was awarded. Plaintiffs did not appeal the small claims judgment.

Respondents alleged that the claims were barred by the doctrine of res judicata. The small claims action pertained to the same issues. Additionally, Plaintiffs could not withhold issues and litigate them in separate actions.

Respondents alleged the first cause of action, breach of contract, was barred by the doctrine of res judicata. In the small claims action, Plaintiffs had sued regarding the rent they claimed they were owed on the Property. In response, Respondents filed a counterclaim alleging Plaintiffs had breached a contract by refusing to pay the mortgage. The claim was entered in favor of Respondents. Respondents alleged "[T]here has

already been a judicial determination that Plaintiffs breached their contractual duties by failing to pay their portion of the mortgage on the Property. Plaintiffs could have — and should have — raised their allegations of the alleged oral buy-out agreement in response to Defendants' Claim in the small claims action." Hence, it had already been decided that Respondents do not owe money to Plaintiffs on the Property.

In addition, the breach of contract action was barred by the statute of limitations. Plaintiffs alleged the oral agreement that Respondents would pay them back after the loan was paid was entered into in 2008.[4] The Plaintiffs alleged in the SAC that the loan was paid off in August 2008. Accordingly, the two-year statute of limitations on oral contracts had long since passed when they filed even their first complaint in January 2012.

Further, Respondents argued that the first cause of action was barred by the statute of frauds. Respondents contended that the statute of frauds applies to agreements for sale of real property or real property interests. The SAC itself alleged that the breach of contract involved an oral agreement regarding the transfer of an interest in real property.

The second cause of action was interpreted by the Respondents to be that Plaintiffs were tricked into buying the Property in 1991 because they believed that Concepcion was pregnant. Respondents demurred on the grounds that the claim was uncertain and ambiguous. The claim was also barred under the doctrine of res judicata. Further, the

---

[4]     Again, the intent of the SAC was clearly that the agreement was reached in 1998.

8

claim was time barred as the claim arose in 1991 and the statute of limitations for fraud was only "one year."

The third cause of action was interpreted by Respondents as a breach of trust cause of action. This cause of action referred to Respondents hiding rent payments they were receiving from a tenant in the Property. Initially, Respondents noted that the SAC itself alleged that this claim was the same one raised in the small claims action. Additionally, Plaintiffs alleged that the agreement as to payment of rent to them by Respondents was made in August 1998. Whether this was an oral or written agreement, the statute of limitations had already passed. Finally, the cause of action was uncertain.

The fourth cause of action was for fraud and misrepresentation. Respondents listed the facts that Plaintiffs were raising regarding this cause of action and the reasons they were barred. One, the claim that the parties reached a 60/40 percent agreement to split the mortgage based on who occupied the bigger apartment was uncertain; was res judicata because it was part of the small claims action; and the elements of fraud were not properly pled. Two, as to the claim that Plaintiffs did not abandon their obligations on the mortgage, that issue was resolved against Plaintiffs in the small claims action and the elements of fraud were not properly alleged. Third, the claim that Respondents tried to trick Plaintiffs into signing a quitclaim deed for the Property in 2002 was false; the deed was never signed; and the claim was time barred. Fourth, the claim regarding the insurance policy was time barred because it was alleged to have occurred in 1998. Fifth, the claim that in May 1995 the parties agreed that Respondents would buy out Plaintiffs, was already decided in the small claims court case and was subject to the statute of frauds

9

even though it was presented as a fraud claim. Finally, the claim that since obtaining advice from counsel, Respondents were certain that they owned the Property was uncertain and ambiguous.

D.     *Opposition to Demurrer to SAC*

Plaintiffs filed their opposition to the demurrer on January 29, 2013. Plaintiffs contended as to the breach of contract, they had alleged the elements of an existing contract, Plaintiffs complied with the contract, Respondents breached the contract, and they had shown damages. Plaintiffs then presented rambling facts regarding times that Fernando had been deceitful with both Plaintiffs and other family members. Plaintiffs complained that Respondents did not want to sign written contracts.

Plaintiffs contended that Respondents had not made a showing of any defects on the face of Plaintiffs' complaint. Further, the SAC had alleged each of the requisite elements of a cause of action for breach of contract and therefore a demurrer could not be granted. Respondents had failed to dispute that there was an oral agreement between the parties. Plaintiffs had properly pled actions for fraud and misrepresentation in the SAC. Further, the issues had not been adjudicated in the small claims action. It only pertained to the rent that was being paid to Respondents and that needed to be paid to Respondents. Finally, Plaintiffs wanted the judgment in the small claims action reversed.

E.     *Reply to Opposition*

Respondents filed their reply on February 22, 2013. Respondents averred that Plaintiffs had not provided any legal authority or argument that would excuse that the claims were already determined in the small claims action. Further, Respondents had

received a judgment in the small claims action that Plaintiffs had breached their contract to pay the mortgage. Plaintiffs, by not paying the mortgage from 1999 through 2009, had abandoned the Property. As such, any claims regarding the mortgage payments had already been resolved and could not be limited by Plaintiffs only suing for two years of rent in an effort to maintain a small claims action. Further, claims that could have been raised in the small claims court, but were not, were still considered res judicata.

Further, the opposition ignored the statute of limitations arguments raised in the demurrer and were supported by the facts presented in the demurrer. Respondents reiterated that the breach of contract action and parts of the fourth cause of action for fraud and intentional misrepresentation were barred by the statute of frauds. Finally, Plaintiffs could not seek to set aside the small claims action at this late date.

F. *Plaintiffs' Responsive Declaration*

Plaintiffs filed a document entitled Plaintiffs' Responsive Declaration to Defendants' Reply Declaration to Demurrer to Second Amended Complaint on March 12, 2013. Plaintiffs set forth that between 1995 and 2009 they had asked Respondents to pay them money from the Property. Plaintiffs asked for "Justice." Respondents were attempting to distract the court from the issues by claiming res judicata and statute of limitations defenses. Plaintiffs provided additional facts that through February 2010, Respondents continued to claim they would pay them back when the Property was paid in full. Plaintiffs then discovered the loan on the Property had been paid in full in August 2009. Plaintiffs then alleged that they paid the mortgage from 1999 through 2009.

11

Plaintiffs provided several pages of boilerplate law on the standard of review for demurrers. Plaintiffs also asked the court to strike the demurrer.

G.    *Hearing on Demurrer*

The hearing was held on March 13, 2013. The trial court took judicial notice of the exhibits presented by Respondents including the small claims action. The trial court had reviewed all the documents filed by the parties. As for the breach of contract action, the trial court tentatively found that Plaintiffs' breach of contract claim had been litigated in the prior action. It found, "Defendants' counterclaim in that action was for breach of contract based upon plaintiffs' alleged abandonment of the property and refusing to make any further payments on the mortgage. It is clear to the court from the documents before the court that the property claims have been litigated." The trial court also noted that the small claims action barred not only those claims that were raised but those claims that could have been raised in the action. It concluded, "For that reason not only as to the breach of contract action, first cause of action, the court will tentatively sustain the demurrer to each cause of action without leave to amend based on the application of the doctrine of res judicata." The trial court also agreed that the claim was barred by the two-year statute of limitations. The complaint was filed in 2012 and the breach of the oral contract occurred at the latest on August 31, 2008.

Further, the third cause of action for breach of trust also was predicated on the 1998 oral agreement and was thus barred by the statute of limitations. As for the remaining causes of action, the cause of action for fraud in 1991 that Respondents lied about Concepcion being pregnant would have been discoverable within nine to ten

12

months.  Further, any agreement in 1995 that they would be paid when the loan for the Property was paid in full would be time barred.  The trial court also noted it appeared "that all of these causes of action relate to either an agreement relating to an interest in real property or payment regarding the same."  As such, the statute of frauds would apply.  The trial court stated that the tentative ruling was as follows: "The court sustains the defendants' demurrer to plaintiffs['] second amended complaint as to each cause of action without leave to amend.  The complaint is barred by the - - each of the causes within the complaint is barred by the doctrine of res judicata.  Each cause of action is time barred by the applicable statute of limitations.  The plaintiffs' oral contract claims are further barred by the statute of frauds."

Ariel argued to the trial court that this was an injustice because "I wait until the date that was February 2010."  Ariel claimed that he spoke with Fernando on that date and he was assured that the oral agreement to pay him back from the money he paid on the Property was still in effect.  At that point, Ariel found out that Fernando had paid off the loan.  Ariel argued, "So I think for statute of limitations should be from the last date which is February 5 when I actually see what is going on that he was pretending not to make any payment."  The trial court affirmed the tentative ruling.

The demurrer was sustained without leave to amend on March 13, 2013.  The trial court's written judgment found as follows:  "[T]he entire Second Amended Complaint is barred by the doctrine of Res Judicata, fails to state facts sufficient to constitute a cause of action in that it shows on its face that the action is barred by the doctrine of res judicata and the statute of limitations.  Additionally, the first cause of action fails to state

13

facts sufficient to constitute a cause of action in that it shows on its face that the action is barred by the statute of frauds."

Plaintiffs filed a timely notice of appeal.

## II

## STANDARD OF REVIEW

"On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo: we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.  [Citation.]  First, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  Next, we treat the demurrer as admitting all material facts properly pleaded.  Then we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citations.]  [¶]  We do not, however, assume the truth of contentions, deductions, or conclusions of law.  [Citation.]"  (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439-440 [Fourth Dist., Div. Two].)

"We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale.  [Citation.]"  (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631.)

## III

## RES JUDICATA

Plaintiffs contend on appeal that the trial court erred by finding that all of the causes of action were barred by the doctrine of res judicata.  Plaintiffs contend that the damages requested in this case exceed $160,000 and could not be the subject of a small

14

claims action. Further, the issue of title of the Property was not part of the small claims action but instead involved Plaintiffs' entitlement to rent for the years 2007 and 2008. Further, they allege an irregularity in the small claims court proceedings which prevented a fair trial. They ask this court to strike out the small claims court case as injustice would result if the claims are found to be barred.

"Res judicata applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. [Citation.]" (*Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202; see also *Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 577.) "'The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation.' [Citation.]" (*Citizens for Open Access Etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1065.)

Although not raised by Plaintiffs, we note that in *Sanderson v. Niemann* (1941) 17 Cal.2d 563, the California Supreme Court addressed the extent that res judicata applies to small claims court actions. It first noted that "[t]he authorities indicate that although a judgment of any court whether of high or low jurisdiction, and of record or not, constitutes a complete bar against a second suit on the *same* cause of action, — in a

15

second suit upon a *different* cause of action it constitutes but an estoppel or conclusive determination of such issues only as were actually raised and litigated.  Inasmuch as the present litigation is based upon a *different* cause of action from that involved in the prior small claims suit, though tracing its origin to the same transaction, we are here solely concerned with the latter aspect of the doctrine of *res judicata*.  It therefore is our problem to determine whether the judgment of a small claims court is *res judicata* on the issues of negligence and contributory negligence in a subsequent action in a higher court on a different cause of action." (*Id.* at p. 573.)  The California Supreme Court concluded that collateral estoppel does not apply to small claims actions because they are tried quickly, informally, without lawyers or rules of evidence, or fact findings.  Thus, it cannot be determined whether any particular issues were necessarily decided in the small claims action.  (*Id.* at pp. 573-574.)

The California Supreme Court revisited *Sanderson* in *Perez v. City of San Bruno* (1980) 27 Cal.3d 875, 885.  There, the court reiterated that if it can be determined from the small claims action that the same issue raised in a subsequent proceeding was resolved in the small claims action, then res judicata was properly applied to bar the cause of action in a subsequent proceeding.  (*Id.* at pp. 883-884.)  We are bound by these decisions.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Based on the foregoing, the small claims court case was only res judicata on issues that were actually decided in the small claims court litigation.  Here, Plaintiffs filed the amended small claims action on the ground that they were seeking rent money from Respondents for the rental of one of the apartments on the Property for the years 2007

and 2009.  In their counterclaim, Respondents' sole claim was that Plaintiffs were not owed rent because Plaintiffs abandoned the Property and failed to pay the mortgage.  The small claims court found in favor of Respondents.

Based on the small claims court action, the third cause of action in the SAC was clearly based on the exact same claim raised in the small claims court.  That cause of action is barred by res judicata.  We need not address whether the remaining claims were also properly found to be res judicata as they were properly barred for other reasons, as will be discussed in more detail, *post*.

Plaintiffs request that this court strike the small claims action.  We have no authority to strike the small claims action.  Plaintiffs chose to file suit in small claims court and are bound by the judgment.  (See *Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1386.)  Based on the foregoing, the trial court properly determined that the third cause of action was barred by the doctrine of res judicata.

IV

STATUTE OF FRAUDS

The first cause of action and a portion of the fourth cause of action are barred by the statute of frauds.  Plaintiffs make no attempt to argue otherwise.

Pursuant to Civil Code section 1624, subdivision (a)(3), a contract "for the sale of real property, or of an interest therein[,]" is invalid unless it is "in a writing subscribed by the party to be charged or by the party's agent[.]"  "The statute of frauds requires any contract subject to its provisions to be memorialized in a writing subscribed by the party to be charged or by the party's agent.  [Citations.]  An agreement for the sale of real

17

property or an interest in real property comes within the statute of frauds. That includes a promissory note and a deed of trust securing performance under the note. [Citation.] 'An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds.' [Citations.]" (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1503; see also *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 553.)

Here, Respondents and Plaintiffs purchased the Property together and were each responsible for the mortgage. According to Plaintiffs, they made an oral agreement with Respondents that they would no longer make mortgage payments, and once Respondents paid off the loan, they would receive back the money that Plaintiffs invested in the Property. This clearly was a modification to the agreement that they would both be responsible for the mortgage on the Property. As such, any agreement to modify the mortgage agreement that was subject to the statute of frauds had to be in writing. Plaintiffs cannot recover damages on their first and a portion of their fourth causes of action due to the failure to comply with the statute of frauds.

V

STATUTE OF LIMITATIONS

Plaintiffs contend that the trial court improperly determined that all of the causes of action were barred by the statute of limitations. They insist they were not aware that Respondents were violating the oral agreement to pay them back until February 5, 2010.

Statutes of limitations "'prescribe the periods beyond which' a plaintiff may not bring a cause of action. [Citations.]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383,

395.)  "Under the statute of limitations, a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action.  [Citation.]"  (*Id.* at p. 397.)  Generally, a cause of action accrues, and thus triggers the statute of limitations, when it "'is complete with all of its elements.'  [Citations.]"  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.)  "We must take the allegations of the operative complaint as true and consider whether the facts alleged establish [the] claim is barred as a matter of law.  [Citation.]"  (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

A cause of action for fraud or intentional misrepresentation is governed by the three-year limitations period set forth in section 338, subdivision (d).  (See also *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1391.)  Code of Civil Procedure section 338, subdivision (d) provides that a "cause of action [for fraud] is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  (§ 338, subd. (d).)  There is a two-year statute of limitations for oral contracts.  (Code of Civ. Proc., § 339.)

Plaintiffs contend that they did not discover that Respondents were refusing to honor the oral agreement to pay them back once the loan on the Property was paid off until February 5, 2010.  Since we have already determined that his breach of contract and fraud claims based on this oral agreement are barred by the statute of frauds, we need not engage in a lengthy discussion of when Plaintiffs discovered this claim.  Further, since the third cause of action was barred by the doctrine of res judicata, we need only determine the statute of limitations for the second and fourth causes of action.

Plaintiffs alleged in their second cause of action that they were fraudulently induced to buy the Property in 1991 because Fernando told them Concepcion was pregnant. Clearly the time for bringing this claim has passed.

As to the remaining facts supporting the fourth cause of action, Plaintiffs fail to allege when they entered into the agreement for payment of the higher mortgage and when Respondents breached the agreement. However, they alleged that Respondents never paid the higher mortgage. As such, based on the allegations, the statute of limitations has long-since passed on this claim. Plaintiffs also contend that Respondents presented a quitclaim deed to them in 2002. Even if this constituted fraud, the time to bring a claim has passed. Further, they allege fraud and misrepresentation as to the homeowner's policy. This was alleged to have occurred in 1998. Plaintiffs have made no attempt to explain when these claims were discovered. As such, the trial court properly found that the second and fourth causes of action were barred by the statute of limitations.

Based on the foregoing, Plaintiffs' first cause of action and a portion of the fourth cause of action were barred by the statute of frauds, the third cause of action was barred by the doctrine of res judicata, and the second and fourth causes of action were barred by the statute of limitations. As such, the demurrer was properly granted.

# VI

## REMAINING CLAIMS AND AMENDMENT

In their opening brief, Plaintiffs refer to evidence that is simply not before this court about Fernando's disloyal and deceitful behavior. Further, the claims that Respondents' counsel received preferential treatment from the trial court and the trial court was not impartial are not supported by the record before this court.

Finally, Plaintiffs have failed to meet their burden of suggesting how they could amend the SAC in order to cure the defects. "[W]hen [a demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "To meet [the] burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action. [Citation.]" (*William S. Hart Union High School Dist. v. Regional Planning Com.* (1991) 226 Cal.App.3d 1612, 1621.) We conclude that it is inconceivable that Plaintiffs could amend the SAC to avoid the defects in their causes of action.

## VII

## DISPOSITION

We affirm the trial court's order granting the demurrer without leave to amend.

Respondents are granted their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
Acting P. J.

We concur:

KING _____
J.

CODRINGTON _____
J.